HAYDEN BOOKER BROWN V. STATE.

No. 26,614. November 18, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 20, 1954.

*William H. Scott, Jr.,* Houston, for appellant.

*William H. Scott,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possesison of marijuana; the punishment, six years.

State Highway Patrolman Mayfield testified that on the night in question, while on routine patrol accompanied by his friend Haney, his attention was attracted to an automobile being driven at an excessive rate of speed, which he approximated at seventy miles per hour. Mayfield stated that he turned around and gave chase and that the chase continued for more than ten miles, during the course of which he attained a speed of ninety miles per hour. The witness stated that when he finally overtook the automobile the appellant exhibited a California driving license, and he required the appellant to get out of his automobile, searched his person and found twenty-one marijuana cigarettes in his coat pocket. Mayfield stated that a search of appellant's automobile resulted in his finding a sack of bulk marijuana under the front seat and a loaded pistol above the visor on the driver's side. The officer testified that in answer to questions the appellant told him that he had bought the marijuana from a man in Houston.

Appellant was carried to the jail in Houston, and the state properly established the chain of custody and analysis of the marijuana seized.

Mr. Haney corroborated the testimony of officer Mayfield.

Appellant did not testify in his own behalf, but sought through his wife and mother to prove that he had never before

been convicted of a felony or unlawfully connected with marijuana.

Bill of Exception No. 2 complains of the overruling of his objection to the introduction into evidence of the results of the search by officer Mayfield. His contention is that since the arrest was for speeding the arresting officer had the right to detain the appellant only long enough to secure from him his written promise to appear in court, as provided by Sections 147 and 148 of Article 6701d, Vernon's Ann. C. S., and did not have the right to search appellant or his automobile. Appellant seeks to distinguish his case from our holding in Soileau v. State, 156 Tex. Cr. Rep. 544, 244 S. W. 2d 224, by saying that the arrest in that case was for the violation of a city ordinance. We are unable to agree that a valid distinction exists.

The highway patrolman was authorized to arrest the appellant without a warrant by virtue of Section 153 of Article 6701d. Having lawfully arrested him, the officer had the right to search his person. Article 216, C. C. P. The search of the person of the accused revealed the marijuana cigarettes; this removed any doubt as to the legality of the search of his automobile.

Appellant complains that the introduction of the pistol was error, because it constituted proof of an extraneous offense. We heretofore held contrary to such contention in Shuffield v. State, 20 S. W. 2d 1057, and cases there cited.

Appellant objected to the following argument of the prosecutor:

"Gentlemen, can you imagine how much crime will result from a combination of this much Marijuana and the pistol which this defendant had when he was arrested?"

Both the pistol and the marijuana were unlawfully in the possession of the appellant and lawfully in evidence. No new fact was injected by this argument, and the deduction of the prosecutor impresses us as being logical.

The statements made by the appellant were part of the res gestae and admissible. Morris v. State, 157 Tex. Cr. R. 14, 246 S. W. 2d 184.

Finding no reversible error, the judgment of the trial court is affirmed.