Jack Richard GOBIN, Jr., Appellant,

v.

The STATE of Texas, State.

Nos. 2–84–053–CR to 2–84–055–CR.

Court of Appeals of Texas,
Fort Worth.

May 29, 1985.

Robert J. Wilson, Burleson, for appellant.

Tim Curry, Dist. Atty., and Mary Thornton Taylor, Asst. Dist. Atty., Fort Worth, for the State.

## OPINION ON MOTION FOR REHEARING

JORDAN, Justice.

On the State's motion for rehearing, we have withdrawn our former opinion in this case and substitute the following as the opinion of the court.

Appellant Gobin was convicted by a jury on three counts of delivery of a controlled substance, amphetamine less than 200 grams. *See* Act of May 29, 1981, ch. 268, sec. 3, 1981 Tex.Gen.Laws 696, 697–98, *amended by* Act of June 17, 1983, ch. 425, sec. 6, 1983 Tex.Gen.Laws 2361, 2373–74 (presently contained in TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 4.03 (Vernon Supp.1985)). He received a punishment of three concurrent sentences, including two three-year sentences in the Texas Department of Corrections and one eight-year probated sentence. His sole defense at trial was his claim of entrapment.

We affirm.

K.A. (Kathy) Ward was an undercover narcotics agent for the Fort Worth Police Department during February and March of 1983. On February 10, 1983, she was introduced to an informant who took her to the home of appellant Gobin in Mansfield, Tarrant County, Texas, where she was introduced to appellant and his wife. On that occasion Officer Ward did not purchase amphetamines or any other controlled substance, but on February 14, February 22, and March 8, 1983, Officer Ward did, on each occasion, purchase amphetamines from appellant.

On March 8, 1983, at a parking lot of a restaurant in Fort Worth, Officer Ward, who was in her car along with appellant, arranged a purchase of amphetamines from Gobin. Appellant was then arrested by other police officers. Underneath the driver's seat of the car which appellant had driven to the parking lot was found a .38 caliber weapon containing five live rounds of ammunition.

Appellant's first ground of error alleges error on the part of the trial court in failing to grant his motion for a directed verdict of acquittal on the theory that entrapment had been established as a matter of law. The second ground of error complains of the court's refusal to instruct the jury on the defense of entrapment. We shall discuss these two grounds together.

Appellant testified that the informant was staying at his (appellant's) house with him and his wife and children, on and off during February and March of 1983 and that the informant persuaded him to sell the amphetamines to Officer Ward. The informant told appellant that Officer Ward was a school friend of his. Gobin also testified that the informant was helping pay his rent and was also supplying him with drugs, and that the informant threatened to withhold both the drugs and the rent if he did not sell amphetamines to Officer Ward.

It has been held that a promise to get the defendant high on dope did not constitute "persuasion or other means likely to cause persons to commit the offense charged." *Bush v. State*, 611 S.W.2d 428, 432 (Tex.Crim.App.1980). That disposes of appellant's contention regarding the threat of withholding drugs from the appellant by the informant. As to the alleged threat of the informant, to withhold payment of his share of the rent if appellant did not sell to Officer Ward, we have not been shown any authority which holds this type of threat sufficient to raise entrapment. We do not mean to hold that the promise to pay or withhold the payment of any sum of money under any circumstances could not raise the defense of entrapment. However, we do hold that in this case, the alleged threat of the informant with respect to the rent was not sufficient cause for Gobin to sell a controlled substance. Based on this testimony the asserted defense of entrapment under TEX.PENAL CODE ANN. sec. 8.06 (Vernon 1974) was not raised. This section is as follows:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

*Id.*

Our task in ruling on appellant's first two grounds of error is to determine from this record whether appellant introduced any evidence that he was entrapped by the police or their informant into committing the offense charged. After a most careful review of the evidence we have concluded that there is no probative evidence to support a finding of entrapment.

Appellant's claimed defense of entrapment is based solely on his contentions at trial that the informant threatened to cut off his supply of drugs to appellant and to stop paying his part of the rent if appellant did not sell amphetamines to Officer Ward. At trial appellant did attempt to introduce three indictments against the informant to show that the police had some sort of general control over the informant. These indictments were refused by the court and not submitted to the jury. While appellant did have these admitted as a bill of exceptions, their refusal as evidence before the jury was not raised as a ground of error on appeal, and any error in their exclusion, is therefore waived. Moreover, we hold that even had these indictments been admitted, they would not have raised a fact question of general control by the police over the informant. The fact that appellant could show that the informant may have had an incentive to work with the police does not constitute any evidence that the police exercised the type of control over the informant necessary to invoke the defense of entrapment. *See Rangel v. State*, 585 S.W.2d 695, 699 (Tex.Crim.App.1979).

Bearing in mind appellant's theory of entrapment and his testimony which he says at least raises a fact issue on that defense, we think *Rangel* is dispositive of our case. *See id.* It is evident from a reading of *Rangel* that the mere classification or labelling of a citizen as a "police informant" is insufficient to raise the issue of entrapment. *Id.* Section 8.06(b) clearly requires some communication between a law enforcement official or his agent or informant and then some action on the part of the informant as a result of that communication. *Id.* The inquiry in these cases is to determine the degree of police involvement and to judge whether the involvement provided only the opportunity for the accused to commit the offense. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex.Crim.App. 1978). This examination, according to *Rangel*, must cover two areas.

The first area of inquiry should be the specific case at bar. A search must be

made to determine if the officer specifically instructed his agent or informant to use an improper procedure to "make a case" against a particular defendant. If such specific instructions are discovered, the entrapment defense is available. It was this type of specific entrapment toward which the State directed its final remarks. However, there is a second area of inquiry to which attention must also be given.

The control or instruction from a police officer to his informant which would constitute entrapment may also be of a general nature. Such general control might arise when an informant has been used repeatedly. After the informant becomes "experienced," he realizes how to "set up" people to make cases. In such a situation, there is no specific instruction but the police official is still exercising control by failing to properly instruct his agents. Factors for consideration in such cases include the number of cases this informant has been involved in and their disposition, if available; the amount and method of compensating the informant; the working relationship between the police officer and the informant; and the informant's contacts with police officers.

*Rangel,* 585 S.W.2d at 699.

In applying *Rangel* to the facts of our case, we readily see that neither of the types of police involvement in *Rangel* are present here. *See id.* There was no evidence, direct or circumstantial, that Officer Ward or any other police officer instructed the informant to use any improper procedures to "make a case" against appellant. Neither was there any evidence whatever of a general type of control by the authorities over the informant as reflected by *Rangel. See id; see also Soto v. State,* 681 S.W.2d 602, 604–05 (Tex.Crim.App. 1984) (opinion on State's petition for reh'g).

We hold that neither the testimony of appellant Gobin, nor any other testimony in this record, raises sufficient evidence to require or warrant submission of the defense of entrapment. Appellant's first two grounds of error are overruled.

■ By his third ground of error, appellant claims error in the admission by the trial court of the weapon found at the time of the arrest underneath the seat of the car appellant was driving. It is his theory that the weapon was admitted only to show extraneous offenses and to prejudice the jury against him. We reject this theory. The weapon was admissible because it was found in the car which appellant was driving at the time he was arrested for selling a prohibited controlled substance. The weapon had probative value because it showed that appellant was prepared to use the gun if necessary to protect his drugs and to effect the sale and delivery of the substance. *See Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Crim.App.1972); *see also Solis v. State,* 647 S.W.2d 95, 100 (Tex.App.—San Antonio 1982, no pet.); *Tamminen v. State,* 644 S.W.2d 209, 213 (Tex.App.—San Antonio 1982), *aff'd,* 653 S.W.2d 799 (Tex.Crim.App.1983).

■ There are three drug cases where weapons have been admitted into evidence. *See Maddox v. State,* 682 S.W.2d 563, 564–65 (Tex.Crim.App.1985); *Williams v. State,* 535 S.W.2d 637, 639–40 (Tex.Crim.App. 1976); *Brown v. State,* 159 Tex.Cr.R. 306, 263 S.W.2d 261, 262 (1953). It was not error to admit the .38 caliber weapon. Moreover, even if the admission was erroneous, we hold it was harmless error. We do not find from this evidence any reasonable possibility that the introduction of the gun contributed to the verdict of guilty by the jury of the offense charged. *See Prior v. State,* 647 S.W.2d 956, 959 (Tex.Crim. App.1983). Also, appellant judicially confessed to his guilt by admitting, in all three offenses, that he did sell and deliver the amphetamines to Officer Ward. Appellant's third ground of error is overruled.

Judgment affirmed.

Dissenting opinion by ASHWORTH, J., Joined in by BURDOCK and JOE SPURLOCK, II, JJ.

ASHWORTH, Justice, dissenting.

I respectfully dissent.

The first opinion delivered in this case was correct in all respects. While there was not sufficient evidence of entrapment to warrant an instructed verdict of acquittal, there was sufficient evidence to warrant an instruction on entrapment. The pistol was admissible in evidence for consideration by the jury with regard to the entrapment defense.

The judgment should be reversed and the case remanded for a new trial.

BURDOCK and JOE SPURLOCK, II, JJ., join.