Jesus Perez SALDANA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–375–CR.

Court of Appeals of Texas,
Corpus Christi.

May 7, 1987.

Gilberto E. Rosas, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty's. Office, Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction of delivery of a controlled substance, cocaine, in an amount of less than 28 grams. This offense was enhanced by a prior felony conviction. The trial court assessed punishment at ten years in the Texas Department of Corrections. We affirm.

By his sole point of error, appellant assails the sufficiency of the evidence to support the conviction on the basis that the State failed to disprove appellant's defense of entrapment. The Texas Penal Code provides for that defense as follows:

It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

Tex.Penal Code Ann. § 8.06(a) (Vernon 1974).

The State must "disprove a defense beyond a reasonable doubt after the issue has been properly raised by the evidence. In other words, the defendant has the burden of producing evidence to raise a defense, but the prosecution has the final burden of persuasion to disprove it." *Luck v. State*, 588 S.W.2d 371, 375 (Tex.Crim. App.1979) (en banc), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980), *quoting* Searcy and Patterson, Practice Commentary, Tex.Penal Code Ann. § 2.03 (Vernon 1974); *Williams v. State*, 710 S.W.2d 828 (Tex.App.—Dallas 1986, pet. ref'd). The State's evidence must be sufficient, if believed by the jury, to disprove entrapment beyond a reasonable doubt. On appeal, the evidence will be viewed in the light most favorable to the prosecution. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984); *Donnell v. State*, 677 S.W.2d 199, 201 (Tex.App.—Houston [1st Dist.] 1984, no pet.).

Officer Juan R. Castillo, a narcotics investigator with the Texas Department of Public Safety, testified that he was contacted by a confidential informant regarding an individual who had cocaine for sale. Castillo contacted a McAllen investigator to verify the informant's reliability, since he had never worked with the informant before. After he was advised of the informant's identity and credibility, Castillo and the informant met with appellant. Appellant and Castillo negotiated a sale to Castillo of a gram of cocaine for $125.00. Appellant was given the money and delivered the cocaine a short time later to Officer Castillo. The informant, Jesus Gomez, did not participate in the negotiations or the purchase of the cocaine; he sat silently in

Officer Castillo's car during the entire transaction. Officer Castillo testified that he did not know what transpired between appellant and Gomez prior to the sale.

Appellant testified that the informant, Jesus Gomez, told him that he was an ex-convict in order to gain his trust. According to the appellant, Gomez urged him on several occasions to sell cocaine in order to make money, but appellant, although he used cocaine, did not wish to sell any. The appellant testified that he agreed to sell cocaine to Officer Castillo in order to get Gomez to stop pestering him. When Castillo complained to appellant of the quality of the cocaine sold, appellant offered to give him his money back and to cancel the sale.

■ While a series of visits from an acquaintance requesting that cocaine be sold to another may be annoying to a user, it does not by itself rise to the level of an inducement, absent other circumstances such as the close relationship of the parties, financial or familial need, or other factors. The objective test for entrapment adopted in Section 8.06 mandates that we first determine whether there was an inducement before determining the nature of the activity of the State's agent. *Rodriguez v. State,* 662 S.W.2d 352, 355 (Tex. Crim.App.1984); *see Maddox v. State,* 635 S.W.2d 456 (Tex.App.—Fort Worth 1982, no pet.); *Craver v. State,* 628 S.W.2d 155 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

■ Furthermore, the State's evidence shows that Gomez was not a law enforcement agent under section 8.06. Law enforcement agents are defined as "personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents." Tex.Penal Code Ann. § 8.06(b) (Vernon 1974). The mere classification of a person as a police informant is, by itself, insufficient to establish that the informant was acting on behalf of or at the instruction of the officer.

The issue is whether the informant was acting on instructions of law enforcement officers. There are two ways such instructions may be given: (1) specific instructions to an agent or informant to use improper procedure in order to "make a case," or (2) more general control or instruction by the officer because of the experience of the agent and his repeated use by law enforcement officers to "set up" suspects so as not to require specific instructions. *Rangel v. State,* 585 S.W.2d 695, 699 (Tex.Crim. App.1979); *see Soto v. State,* 681 S.W.2d 602, 604 (Tex.Crim.App.1984).

■ The evidence shows that this was the first case in which Castillo and the informant had worked together, that the informant contacted Castillo about the willingness of appellant to sell cocaine, that Castillo felt uneasy working with this informant because there was no established relationship between them, and due to his uneasiness, Castillo contacted an investigator in McAllen to verify the informant's credibility. There is nothing in the record that infers that the informant was acting at the request or instruction of Castillo or any other law enforcement officer. The State's evidence was sufficient, if believed by the jury, to disprove entrapment beyond a reasonable doubt. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.