Marcos Anthony **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00527–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1990.

Discretionary Review Refused
Feb. 13, 1991.

Ronald R. Pope, Sugar Land, for appellant.

Sam W. Dick, Crim. Dist. Atty., Rose Marie Galavan, Richard Dawson, Asst. Dist. Attys., for appellee.

Before SAM BASS, MIRABAL and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury found appellant, Marcos Anthony Martinez, guilty of delivery of a controlled substance, namely cocaine, and assessed punishment at 10 years confinement, probated.

In his first point of error, appellant contends the evidence is insufficient to support his conviction. Specifically, appellant contends the evidence is insufficient to dis-prove, beyond a reasonable doubt, that appellant was entrapped.

Craig Brady, supervisor of the Fort Bend County Sheriff's Narcotics Unit, testified that on or about March 21, 1988, Robert Balderas, an informant, contacted him about appellant. Brady then contacted Detective Jimmy Armatys and gave him $300 to conduct the transaction.

At the arranged meeting, Balderas and appellant approached Armatys's car. Brady and Armatys testified that appellant appeared to be voluntarily walking to the car. Balderas and appellant then got in the car. Armatys asked appellant what he had; appellant replied that he had an "eight-ball"[1] for $300. Armatys gave appellant the money, and appellant handed the cocaine to Armatys. Armatys then asked appellant if he could get some more cocaine later; appellant stated that he could.

When the signal was given for the arrest, Brady moved in and arrested the appellant. When appellant was searched, the $300 Armatys had been provided for the transaction was discovered on him.

Appellant testified that he met Balderas playing basketball two days before the incident in question. He stated that Balderas came to his house on the morning of March 21, 1988. Appellant claimed that Balderas offered him a way to make quick money. Balderas had a friend who wanted an eight ball, but Balderas was afraid to sell it to him because Balderas was on probation. Appellant stated he was interested in the money because both of his parents were unemployed. Appellant testified that Balderas gave him the cocaine as they began walking to Armatys's car. According to appellant, Balderas set the transaction up to make it appear appellant was selling the cocaine.

Brady testified that Balderas had given him information on drug suspects on about 15 other occasions and was considered a reliable source of information. Balderas received between $40 and $100 in exchange

---

1. "Eight ball" is a term used on the street and by drug dealers to refer to a little more than three grams of cocaine.

for the information. Balderas was not promised anything but money for the information. No criminal charges were pending against Balderas at the time he supplied the information, but he was on probation.

The State has the burden of disproving entrapment beyond a reasonable doubt. *Donnell v. State*, 677 S.W.2d 199, 201 (Tex. App.—Houston [1st Dist.] 1984, no pet.); TEX.PENAL CODE ANN. § 2.03(d) (Vernon 1974). In determining whether the State has met this burden, the evidence is viewed in the light most favorable to the prosecution. *Saldana v. State*, 732 S.W.2d 701, 702 (Tex.App.—Fort Worth 1987, no pet.); *Donnell*, 677 S.W.2d at 201.

> A person is entrapped if:
>
> [he] engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.
>
> '[L]aw enforcement agent' includes personnel of the state and local law enforcement agencies ... and any person acting in accordance with instructions from such agents.

TEX.PENAL CODE ANN. § 8.06 (Vernon 1974).

■ Merely classifying a person as an informant is not enough, by itself, to establish the informant was acting at the instruction of a police officer. *Rangel v. State*, 585 S.W.2d 695, 699 (Tex.Crim.App. 1979); *Saldana*, 732 S.W.2d at 703; *Gobin v. State*, 690 S.W.2d 702, 704 (Tex.App.—Fort Worth 1985, pet. ref'd). The informant must be acting on instructions from the police officer. *Saldana*, 732 S.W.2d at 703; *Gobin*, 690 S.W.2d at 704. Instructions from the police officer may be specific or general. *Rangel*, 585 S.W.2d at 699; *Saldana*, 732 S.W.2d at 703; *January v. State*, 720 S.W.2d 207, 210 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *Gobin*, 690 S.W.2d at 704–705.

A police officer gives an informant specific instructions when he tells the informant to use an improper method to "make a case" against the defendant. *Rangel*, 585 S.W.2d at 699; *Saldana*, 732 S.W.2d at 703; *January*, 720 S.W.2d at 210; *Gobin*, 690 S.W.2d at 704–705. In this case, no evidence was presented that Brady, Armatys, or any police officer instructed Balderas to use an improper method to make a case against appellant. Balderas was not acting under specific instructions from a police officer.

■ A police officer can also exercise general control over an informant. General control arises when the informant has been used on many occasions; the police officer controls the informant by failing to properly instruct him. *Rangel*, 585 S.W.2d at 699; *Saldana*, 732 S.W.2d at 703; *January*, 720 S.W.2d at 210; *Gobin*, 690 S.W.2d at 702. Factors to be considered in determining whether general control was exercised include: (1) the number of cases the informant has been involved in and their disposition; (2) the amount and method of compensating the informant; (3) the working relationship between the police officer and the informant; and (4) the informant's contacts with police officers. *Rangel*, 585 S.W.2d at 699; *Saldana*, 732 S.W.2d at 703; *January*, 720 S.W.2d at 210; *Gobin*, 690 S.W.2d at 702.

■ In this case, the informant, Balderas, had been used on about 15 other cases. He was paid between $40 and $100 for information he provided. Furthermore, he was considered a reliable informant. Balderas was under the general control of the police. Thus, we conclude Balderas was a "law enforcement agent" as defined by the Penal Code.

■ The test for entrapment is objective. *Johnson v. State*, 650 S.W.2d 784, 788 (Tex.Crim.App.1983). Entrapment occurs when the activity of a police agent would have induced a person, with no predisposition, to engage in illegal conduct. *Id.* If the criminal design originates in the mind of the police agent, and the agent induces a person to commit an offense that he would not have committed otherwise, entrapment exists. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex.Crim.App.1978). On the other hand, if the criminal design originates in the mind

of the accused, and the police agent merely furnishes the opportunity for the commission of the offense, no entrapment exists. *Id.* Thus, if Balderas's activities would have induced a person with no predisposition to commit delivery of a controlled substance, appellant was entrapped.

 Viewing the evidence in the light most favorable to the prosecution, Balderas did not induce appellant to deliver a controlled substance. *See, e.g., Sebesta v. State,* 783 S.W.2d 811, 814 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) (annoying phone calls are insufficient to induce an unpredisposed person to commit an offense); *Saldana,* 732 S.W.2d at 703 (a series of visits from an acquaintance requesting that cocaine be sold to another person is not entrapment); *Gobin,* 690 S.W.2d at 703–704 (threats of withholding drugs and payment of share of rent are not sufficient for inducement); *Donnell,* 677 S.W.2d at 210–12 (a suggestion that marijuana be sold to raise the money to pay a debt does not rise to the level of entrapment). Appellant testified that he had only known Balderas for two days when the sale was arranged. Brady and Armatys testified that appellant voluntarily approached Armatys's car. Furthermore, when Armatys asked if he could get some more, appellant stated that he could. Even considering appellant's testimony of the need his family had for money, and Balderas's promise of quick money, Balderas's actions would not have induced a person with no predisposition to deliver cocaine. Therefore, appellant was not entrapped.

We find the evidence sufficient to disprove, beyond a reasonable doubt, that appellant was entrapped. We overrule appellant's first point of error.

In his second point of error, appellant contends that the trial court erred in denying his motion for continuance. Appellant filed a motion for continuance before trial. This motion was sought to locate Balderas, a material witness on appellant's claim of entrapment. The motion for continuance was denied by the trial court.

 Appellant cannot properly raise denial of his motion for continuance as a ground of error on this appeal. The only way to preserve error in the denial of a motion for continuance, based on absence of a material witness, is by a motion for new trial. *Baker v. State,* 467 S.W.2d 428, 429 (Tex.Crim.App.1971). Appellant filed no motion for new trial. Hence, appellant has failed to preserve error in the denial of his motion for continuance.

We overrule appellant's second point of error.

We affirm the judgment.