Bauerschlag v. State 


















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-112-CR

     WILLIAM BAUERSCHLAG,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 19,374-361
                                                                                                    

O P I N I O N
                                                                                                    

      William Bauerschlag appeals his felony conviction for delivery of five pounds or less but more
than four ounces of marijuana.


 Bauerschlag raised an entrapment defense, but ultimately was
found guilty by a jury and sentenced to eight years in prison. We affirm.  
      Bauerschlag asserts in point one that there is insufficient evidence to sustain a conviction
because the prosecution did not show that he was predisposed to violate the law. A defendant's
predisposition to commit the crime is not material; the court needs only to determine whether the
methods of persuasion were likely to induce persons, who were not ready and willing, to engage
in the proscribed conduct. Bush v. State, 611 S.W.2d 428, 429-30 (Tex. Crim. App. [Panel Op.]
1981). Even though Bauerschlag complains of a lack of evidence to support his predisposition to
violate the law, his point of error actually focuses upon the alleged inducement, which we will
address.
      The defendant has the burden of producing evidence to raise the entrapment defense, and the
State has the final burden of persuasion to disprove it beyond a reasonable doubt. Id. Entrapment
occurs when the actor engages in conduct because he "was induced . . . by a law enforcement
agent using persuasion or other means likely to cause persons to commit the offense." Tex.
Penal Code Ann. § 8.06(a) (Vernon 1974). Inducements are "extreme pleas of desperate illness
in drug cases, appeals based primarily on sympathy, pity or close personal friendship, offers of
inordinate sums of money, and other methods of persuasion which are likely to cause the otherwise
unwilling person—rather than the ready, willing and anxious person—to commit an offense." 
Ramos v. State, 632 S.W.2d 688, 691 (Tex. App.—Amarillo 1982, no pet.). This defense is not
available if the government merely provides the opportunity for the defendant to commit the
offense. Johnson v. State, 650 S.W.2d 784, 789 (Tex. Crim. App. 1983).
      The entrapment defense is available if a law enforcement officer specifically instructed his
agent or informant to use an improper procedure to "make a case" against a particular defendant,
or if the defendant was induced by an informant who was under the general control or instruction
of the officer. Rangel v. State, 585 S.W.2d 695, 699 (Tex. Crim. App. [Panel Op.] 1979). 
Factors to be considered in determining if an informant is under the "general control" of the police
include (a) the number of cases in which the informant has been involved; (b) whether the
informant is being compensated; (c) the working relationship between the informant and the agent;
and (d) the contact between the informant and the agent. Martinez v. State, 802 S.W.2d 334, 336
(Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). However, "[t]he mere classification of a
person as a police informant is, by itself, insufficient to establish that the informant was acting on
behalf of or at the instruction of the officer." Saldana v. State, 732 S.W.2d 701, 703 (Tex.
App.—Corpus Christi 1987, no pet.).
      There is no evidence that Jones instructed McGill to "make a case" against Bauerschlag. 
Jones testified that police officers do not give informants specific instructions on whom to set up,
or on how to set up a deal. They are instructed not to commit any crimes while working for the
Brazos Valley Narcotics Task Force. The only specific instruction McGill had was to introduce
Bauerschlag to Jones. Using the Martinez factors to analyze the present case, we find, however,
that McGill was under the "general control" of Jones. See Martinez, 802 S.W.2d at 336. McGill
had helped Jones on numerous cases. McGill and Jones had been working together for about six
months. McGill was paid, though not on a continuing basis, and was paid different ways at
different times.
      Even though McGill's actions as a police informant are considered in determining whether
Bauerschlag was induced, we find sufficient evidence to support the jury's conclusion that he was
not "induced" by McGill or Jones to sell marijuana. See Ramos, 632 S.W.2d at 691. Jones
testified that he went to Bauerschlag's house looking for a "cool place to buy weed." Jones told
Bauerschlag that McGill did not share the last purchase with Jones, and that Jones needed to sell
marijuana because his back was injured and he was unemployed. Jones also testified he did not
tell Bauerschlag that the marijuana was needed for medicinal purposes. According to Jones, they
did not discuss whether Jones needed the marijuana for back pain. Instead, he told Bauerschlag
that he intended to resell the marijuana to Texas A & M students. The jury could reasonably
conclude from this evidence that Bauerschlag did not sell the marijuana out of pity for Jones. 
Further, McGill's statement that Jones was hurt, when added to Jones' feigned back injury, is not
as a matter of law an "extreme plea of desperate illness," or an appeal based "primarily upon
sympathy." Id.
      Moreover, there is other evidence from which the jury could conclude that Bauerschlag's sale
was voluntary. During the second sale, Jones offered to leave several times, but Bauerschlag did
not accept this offer. Bauerschlag voluntarily quoted a price to Jones and offered to sell Jones
more marijuana than was requested. Jones testified that Bauerschlag asked him to pay an extra
forty dollars over the agreed price which would be deducted from future purchases of marijuana. 
This evidence does not establish, as a matter of law, that McGill or Jones used improper
procedures to make a case against Bauerschlag. The jury could reasonably conclude that Jones
merely provided an opportunity, and that Bauerschlag voluntarily sold the marijuana to Jones. We
overrule Bauerschlag's first point of error.
      In point two, Bauerschlag alleges that the prosecutor's remark during voir dire and in her
closing argument constituted prosecutorial misconduct that denied him a fair trial. Because
Bauerschlag did not present a timely objection to these comments, the trial court did not rule on
their propriety, and his complaint is not preserved on appeal. See Tex. R. App. P. 52(a); Klein
v. State, 662 S.W. 2d 166, 169 (Tex. App.—Corpus Christi 1983, no pet.).
      Bauerschlag also complains that the prosecutor's closing remarks constituted error. These
were: (1) suggesting that the defendant lied on the stand; (2) calling on the jury to sentence
Bauerschlag for "fifteen years and one day"; and (3) requesting that the jury convict Bauerschlag
based upon community expectations. Again, the trial court did not rule on these statements
because there was no objection. As a result, there is no complaint to review on appeal. See Tex.
R. App. P. 52(a); Klein, 662 S.W. 2d at 169. "A prosecutor's improper jury argument is not
'error,' only the court can commit error." Washington v. State, 822 S.W.2d 110, 118 (Tex.
App.—Waco 1992, writ granted). Bauerschlag's second point of error is overruled.
      In point three, Bauerschlag alleges that the trial court's comment on the weight of the evidence
denied him a fair and impartial trial. During direct examination of Bauerschlag, the following
transpired:
[PROSECUTOR]: Your Honor, I - I apologize, but I'm going to have to object to
this as irrelevant.
THE COURT: Sustained. It's also hearsay.
      Bauerschlag did not object to the court's comment, and "[t]he failure to timely object . . .
waives any error." See Dominquez v. State, 759 S.W.2d 185, 189 (Tex. App.—San Antonio
1988, pet. ref'd). We overrule point of error three.
      In point four, Bauerschlag complains that the court failed to suppress evidence obtained
pursuant to an illegal search warrant or gathered outside the scope of the warrant. Jones had an
arrest warrant for Bauerschlag for the offense of delivery of marijuana, and Perdue was assisting
Jones in Bauerschlag's lawful arrest. When approaching the back of the house, Perdue observed
"what he believed to be marijuana plants growing in the back yard." Because this statement was
in the affidavit attached to the search warrant, the magistrate was aware of the possibility that
marijuana was located in the back yard, and she knew that the officers would search these areas. 
The search warrant authorized the seizure of marijuana, and Bauerschlag cannot seriously argue
that the magistrate intended to exclude confiscation of marijuana growing outside the home. We
find that the officers did not exceed the scope of the warrant in the areas or items they searched.
      Perdue's failure to list, in the affidavit supporting the warrant, his training or experience in
recognizing marijuana does not taint the evidence seized in the search. Jones affirmed his own
training in the detection of marijuana in the search warrant, and "the fact that an officer other than
the affiant or affiants on the affidavit for search warrant conducted or assisted in the search does
not render the evidence seized inadmissible." See Mattei v. State, 455 S.W.2d 761 (Tex. Crim.
App. 1970). Bauerschlag's fourth point is overruled.
      In point five, Bauerschlag claims that he was denied effective assistance of counsel. A two-pronged test is used to determine if a defendant has been denied effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674
(1984). First, the defendant must show that counsel's performance was deficient, i.e., that counsel
was not functioning as counsel guaranteed by the Sixth Amendment. Second, defendant must
show that this deficient performance prejudiced the defendant, i.e., that counsel's errors were so
serious as to deprive the defendant of a fair trial with a reliable result. Id. Ultimately, the
defendant must show that there is a "reasonable probability that the outcome of the trial would
have been different but for the errors." Ex Parte Wellborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990). This test is to be applied at the time of trial, and the court's scrutiny of defense
counsel's performance must be highly deferential. Id.
      Bauerschlag's ineffective assistance of counsel claim is based upon allegations that his
counsel: (1) allowed the prosecution to comment on the weight of the evidence during voir dire;
(2) made a statement against the interest of his client during voir dire and appeared ashamed to
represent Bauerschlag; (3) failed to object to numerous hearsay questions during Jones' testimony;
(4) failed to object while his witness was being badgered; (5) prepared inadequately by questioning
Officer Sayers about a statement supposedly made to his brother, when the witness was actually
a sole surviving son; (6) allowed evidence of extraneous crimes through his own cross-examination; (7) failed to redirect Bauerschlag after his testimony on guilt-innocence; and (8)
allowed the state to reopen cross examination even though Bauerschlag's counsel had not
redirected. We will examine these allegations.
      The failure to object to the prosecutor's comments upon the weight of the evidence does not
render Bauerschlag's counsel ineffective. Counsel may have chosen not to object for a number
of legitimate reasons, and this court will not second guess the strategy employed by trial counsel
during voir dire. Johnson v. State, 629 S.W.2d 731, 737 (Tex. Crim. App. 1982). Second, the
comments made by Bauerschlag's attorney during voir dire cannot be said to be against his client's
interest. The statements could have been calculated to win the sympathy of the prospective jurors,
to gain their attention, or to urge them to remember the innocent-until-proven-guilty standard. 
Bauerschlag's counsel did fail to object to hearsay evidence and "badgering" of the witness, but
Bauerschlag has not shown how these omissions prejudiced his defense. Bauerschlag also failed
to show how his counsel's error concerning Sayer's statement constituted inadequate preparation
which could have prejudiced his defense. Further, evidence of extraneous crimes introduced
during Bauerschlag's cross-examination bolstered his entrapment claim and did not prejudice him. 
Finally, the court must give great deference to defense counsel's decision to call and question
witnesses, and the decision to allow the state to reopen cross-examination of Bauerschlag without
redirecting him did not deem counsel ineffective. See Coble v. State, 501 S.W.2d 344, 346 (Tex.
Crim. App. 1973). 
      Bauerschlag's attorney did perform above the minimum standards in Strickland, 466 U.S. at
693-94. He cross-examined and recross-examined all of the State's witnesses on direct evidence,
called three defense witnesses, and thoroughly cross-examined the State's rebuttal witnesses during
the guilt-innocence phase. He also called nine witnesses to testify at the punishment phase. While
Bauerschlag's counsel did not execute a flawless defense, the general complaints listed in the brief
do not, individually or collectively, constitute a deficient performance that, in reasonable
probability, would have produced a different result. A defendant is not entitled to errorless
counsel, and isolated instances of error do not cause counsel to become ineffective. Bridge v.
State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986); Moore v. State, 700 S.W.2d 193, 205 (Tex.
Crim. App. 1985). Because the actions of Bauerschlag's counsel were objectively reasonable at
the time of trial, Bauerschlag's fifth point of error is overruled.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 4, 1992
Do not publish