COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-291-CR
 
ARMANDO ARREGUIN GONZALEZ   
                                                        APPELLANT
a/k/a ARMANDO G. ARREGUIN
V.
THE STATE OF TEXAS                                                                           
STATE
------------
FROM THE 213TH DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
A jury convicted Appellant Armando
Arreguin Gonzalez of delivery of four hundred grams or more of cocaine and
assessed his punishment at fifteen years' confinement in the Institutional
Division of the Texas Department of Criminal Justice and a fine of one hundred
dollars. The trial court sentenced Appellant accordingly. Appellant brings five
points on appeal,(2) arguing entrapment, legal
and factual sufficiency of the evidence of entrapment, and failure to allege an
element of the offense in the indictment. Because we hold that the trial court
did not err and that the evidence was both legally and factually insufficient to
support Appellant's affirmative defense of entrapment, we affirm the trial
court's judgment.
STATEMENT OF FACTS
In January 2001, police arrested Miguel
Robago, who became a confidential informant. In August 2001, Robago told police
that Appellant wanted to buy a large amount of marijuana. Appellant told
undercover officer Ramon Perez that he wanted to buy fifty pounds of marijuana
for another person. This deal did not materialize because Appellant's buyer did
not come up with the necessary money.
In October 2001, Appellant contacted
Officer Perez to discuss selling him a kilogram of cocaine. Robago had given
Perez's phone number to Appellant after Appellant contacted Robago to inform him
that Appellant had access to cocaine for sale. On the next day Appellant and
Perez met, and Appellant told Perez to follow him to a drug supplier. Appellant
tested some cocaine provided by the supplier, and the supplier agreed to contact
Perez when the next shipment arrived. Appellant quoted the price of $16,800 for
the kilogram. On the following day, Appellant contacted Perez to tell him that
he had found another supplier but that the price would be $17,000 instead of
$16,800.
Perez met Appellant at a gas station, and
then Appellant led Perez to El Rod's grocery store. Appellant made a telephone
call from the parking lot. A man then came out of the store, introduced himself
as "Juan," and went back inside. A few minutes later, he came back
out, pulled Appellant aside, and told him that the drugs had arrived. Appellant
relayed this information to Perez. Appellant and Perez then went to a red
compact car and Appellant retrieved a package from underneath the passenger
seat. At that point, Appellant was arrested. The package contained 1,010 grams
of cocaine.
ENTRAPMENT
In his first point on appeal, Appellant
argues that the trial court erred in refusing to instruct the jury on the
defense of entrapment. An essential element of the defense of entrapment is the
presence of some evidence that the operative who encouraged Appellant to commit
the offense of delivery of a controlled substance was either a law enforcement
agent or under the control of a law enforcement agent.(3)
While there was evidence that Robago was a confidential informant, there was no
evidence that he was under either the specific or general control of law
enforcement.(4) Appellant does not argue that he
satisfied this prong of the entrapment defense, nor does he cite us to any
portion of the record in which he satisfied this prong. Absent some evidence
that Robago was either a law enforcement agent or under the control of and
directed by law enforcement agents, Appellant was not entitled to a jury
instruction on entrapment. We overrule Appellant's first point on appeal.
In his second and third points on appeal,
Appellant argues that the trial court reversibly erred and abused its discretion
in accepting the guilty verdict of the jury because entrapment was shown as a
matter of law and because the great weight and preponderance of the evidence
favors a finding that entrapment was established, making the verdict manifestly
unjust.
In examining the legal sufficiency of the
evidence supporting an affirmative defense, we review all the evidence in the
light most favorable to the verdict and sustain the challenge only if there is
no rational basis upon which the jury could have rejected the defense.(5)
The defendant has the burden of proving an affirmative defense by a
preponderance of the evidence.(6)
Therefore, upon review of Appellant's factual sufficiency point, we must
consider all the evidence relevant to the issue of entrapment and determine
whether the verdict is so against the great weight and preponderance of the
evidence as to be manifestly unjust.(7)  In
our review, we may not usurp the function of the jury by substituting our
judgment in the place of its verdict.(8)
As we have discussed above, an essential element of entrapment is that
the police operative or confidential informant, Robago, was either a law
enforcement officer or under the control of and directed by a law enforcement
agent.(9)  Appellant failed to raise
evidence of this element. Applying the appropriate standards of review, we hold
that because Appellant did not satisfy this element of the entrapment defense,
he consequently did not prove entrapment as a matter of law, nor was the jury
verdict so against the great weight and preponderance of the evidence as to be
manifestly unjust. We overrule Appellant's second and third points on appeal.
INDICTMENT
In his fourth point on appeal, Appellant argues that he was denied due
process of law because the indictment did not contain all the elements required
to be proved. As the State points out, a complaint that an indictment fails to
list all of the elements of an offense must be preserved by a timely motion to
quash.(10) Appellant does not argue that he
filed a motion to quash or otherwise objected to the indictment at any time
before appeal, nor has he cited us to any place in the record where an objection
is recorded. Accordingly, if there is error, Appellant has failed to preserve
it.(11) We overrule Appellant's fourth point on
appeal.
JURY CHARGE
In his fifth point on appeal, Appellant argues that the trial court
erred in refusing to apply the legal requirement of corroboration of the offer
to sell to the facts in the application paragraph of the court's charge at the
guilt phase of the trial. Appellant does not direct us to the portion of the
record that reflects an objection to the charge or a requested charge on the
corroboration of the offer to sell. Additionally, although Appellant argues that
corroboration is an element of the offense, in the body of his brief he
describes it as a special evidentiary rule applying to the term
"delivery."(12) We agree with this
characterization and the State's argument that the corroboration requirement is
an evidentiary rule, not an element of the offense.(13)
The trial court therefore did not err in failing to place the corroboration
requirement in the application paragraph.(14) We
overrule Appellant's fifth point on appeal.
CONCLUSION
Having overruled Appellant's five points on appeal, we affirm the trial
court's judgment.
 
                                                           LEE
ANN DAUPHINOT
                                                           JUSTICE
 
PANEL B: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 15, 2003

1. See Tex. R. App. P. 47.4.
2. A sixth point was withdrawn after the case was
submitted.
3. Tex. Penal Code Ann. § 8.06(b) (Vernon 1994).
4. See Rangel v. State, 585 S.W.2d 695, 699 (Tex.
Crim. App. 1979); Beal v. State, 35 S.W.3d 677, 687 (Tex. App.--Houston
[1st Dist.] 2001), rev'd on other grounds, 91 S.W.3d 794
(Tex. Crim. App. 2002); Martinez v. State, 802 S.W.2d 334, 336 (Tex.
App.--Houston [1st Dist.] 1990, pet. ref'd).
5. Moranza v. State, 913 S.W.2d 718, 723 (Tex.
App.--Waco 1995, pet. ref'd); Cover v. State, 913 S.W.2d 611, 619 (Tex.
App.--Tyler 1995, pet. ref'd); Cooney v. State, 803 S.W.2d 422, 425
(Tex. App.--El Paso 1991, pet. ref'd).
6. TEX.
PENAL CODE
ANN. § 2.04(d).
7. Meraz v. State, 785 S.W.2d 146,
155 (Tex. Crim. App. 1990).
8. Id. at 154.
9. Tex. Penal Code Ann. § 8.06(b); see
Rangel, 585 S.W.2d at 699; Beal, 35 S.W.3d at 687;
Martinez, 802 S.W.2d at 336.
10. Grant v. State, 970 S.W.2d 22,
23 (Tex. Crim. App. 1998).
11. See Tex. R. App. P. 33.1(a).
12. Tex. Health & Safety Code Ann. § 481.183(a)
(Vernon 1992).
13. See id.; id.
§ 481.112(a) (Vernon Supp. 2003) (listing elements of offense); Iniguez
v. State, 835 S.W.2d 167, 170-71 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd).
14. See Iniguez, 835 S.W.2d at
170-71.