Armando Arreguin Gonzalez

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-291-CR

ARMANDO ARREGUIN GONZALEZ APPELLANT

a/k/a ARMANDO G. ARREGUIN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Armando Arreguin Gonzalez of delivery of four hundred grams or more of cocaine and assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of one hundred dollars.  The trial court sentenced Appellant accordingly.  Appellant brings five points on appeal,
(footnote: 2) arguing entrapment, legal and factual sufficiency of the evidence of entrapment, and failure to allege an element of the offense in the indictment.  Because we hold that the trial court did not err and that the evidence was both legally and factually insufficient to support Appellant’s affirmative defense of entrapment, we affirm the trial court’s judgment.

STATEMENT OF FACTS

In January 2001, police arrested Miguel Robago, who became a confidential informant.  In August 2001, Robago told police that Appellant wanted to buy a large amount of marijuana.  Appellant told undercover officer Ramon Perez that he wanted to buy fifty pounds of marijuana for another person.  This deal did not materialize because Appellant’s buyer did not come up with the necessary money. 

In October 2001, Appellant contacted Officer Perez to discuss selling him a kilogram of cocaine.  Robago had given Perez’s phone number to Appellant after Appellant contacted Robago to inform him that Appellant had access to cocaine for sale.  On the next day Appellant and Perez met, and Appellant told Perez to follow him to a drug supplier.  Appellant tested some cocaine provided by the supplier, and the supplier agreed to contact Perez when the next shipment arrived.  Appellant quoted the price of $16,800 for the kilogram.  On the following day, Appellant contacted Perez to tell him that he had found another supplier but that the price would be $17,000 instead of $16,800. 

Perez met Appellant at a gas station, and then Appellant led Perez to El Rod’s grocery store.  Appellant made a telephone call from the parking lot.  A man then came out of the store, introduced himself as “Juan,” and went back inside.  A few minutes later, he came back out, pulled Appellant aside, and told him that the drugs had arrived.  Appellant relayed this information to Perez. Appellant and Perez then went to a red compact car and Appellant retrieved a package from underneath the passenger seat.  At that point, Appellant was arrested.  The package contained 1,010 grams of cocaine.

ENTRAPMENT

In his first point on appeal, Appellant argues that the trial court erred in refusing to instruct the jury on the defense of entrapment.  An essential element of the defense of entrapment is the presence of some evidence that the operative who encouraged Appellant to commit the offense of delivery of a controlled substance was either a law enforcement agent or under the control of a law enforcement agent.
(footnote: 3)  While there was evidence that Robago was a confidential informant, there was no evidence that he was under either the specific or general control of law enforcement.
(footnote: 4)  Appellant does not argue that he satisfied this prong of the entrapment defense, nor does he cite us to any portion of the record in which he satisfied this prong.  Absent some evidence that Robago was either a law enforcement agent or under the control of and directed by law enforcement agents, Appellant was not entitled to a jury instruction on entrapment.  We overrule Appellant’s first point on appeal.

In his second and third points on appeal, Appellant argues that the trial court reversibly erred and abused its discretion in accepting the guilty verdict of the jury because entrapment was shown as a matter of law and because the great weight and preponderance of the evidence favors a finding that entrapment was established, making the verdict manifestly unjust.  

In examining the legal sufficiency of the evidence supporting an affirmative defense, we review all the evidence in the light most favorable to the verdict and sustain the challenge only if there is no rational basis upon which the jury could have rejected the defense.
(footnote: 5) 
 

The defendant has the burden of proving an affirmative defense by a preponderance of the evidence.
(footnote: 6)  Therefore, upon review of Appellant’s factual sufficiency point, we must consider all the evidence relevant to the issue of entrapment and determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust.
(footnote: 7)  In our review, we may not usurp the function of the jury by substituting our judgment in the place of its verdict.
(footnote: 8)
 As we have discussed above, an essential element of entrapment is that the police operative or confidential informant, Robago, was either a law enforcement officer or under the control of and directed by a law enforcement agent.
(footnote: 9)  Appellant failed to raise evidence of this element.  Applying the appropriate standards of review, we hold that because Appellant did not satisfy this element of the entrapment defense, he consequently did not prove entrapment as a matter of law, nor was the jury verdict so against the great weight and preponderance of the evidence as to be manifestly unjust.  We overrule Appellant’s second and third points on appeal.

INDICTMENT

In his fourth point on appeal, Appellant argues that he was denied due process of law because the indictment did not contain all the elements required to be proved.  As the State points out, a complaint that an indictment fails to list all of the elements of an offense must be preserved by a timely motion to quash.
(footnote: 10)  Appellant does not argue that he filed a motion to quash or otherwise objected to the indictment at any time before appeal, nor has he cited us to any place in the record where an objection is recorded.  Accordingly, if there is error, Appellant has failed to preserve it.
(footnote: 11)  We overrule Appellant’s fourth point on appeal.

JURY CHARGE

In his fifth point on appeal, Appellant argues that the trial court erred in refusing to apply the legal requirement of corroboration of the offer to sell to the facts in the application paragraph of the court’s charge at the guilt phase  of the trial.  Appellant does not direct us to the portion of the record that reflects an objection to the charge or a requested charge on the corroboration of the offer to sell.  Additionally, although Appellant argues that corroboration  is an element of the offense, in the body of his brief he describes it as a special evidentiary rule applying to the term “delivery.”
(footnote: 12)  We agree with this characterization and the State’s argument that the corroboration requirement is an evidentiary rule, not an element of the offense.
(footnote: 13)  The trial court therefore did not err in failing to place the corroboration requirement in the application paragraph.
(footnote: 14)  We overrule Appellant’s fifth point on appeal.

CONCLUSION

Having overruled Appellant’s five points on appeal, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and GARDNER, JJ. 

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  May 15, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A sixth point was withdrawn after the case was submitted.

3:
Tex. Penal Code Ann.
 § 8.06(b) (Vernon 1994).

4:
See Rangel v. State
, 585 S.W.2d 695, 699 (Tex. Crim. App. 1979); 
Beal v. State
, 35 S.W.3d 677, 687 (Tex. App.—Houston [1
st
 Dist.] 2001), 
rev’d on other grounds
, 91 S.W.3d 794 (Tex. Crim. App. 2002);
 Martinez v. State
, 802 S.W.2d 334, 336 (Tex. App.—Houston [1
st
 Dist.] 1990, pet. ref’d)
.

5:
Moranza v. State
, 913 S.W.2d 718, 723 (Tex. App.—Waco 1995, pet. ref'd); 
Cover v. State
, 913 S.W.2d 611, 619 (Tex. App.—Tyler 1995, pet. ref'd);
 Cooney v. State
, 803 S.W.2d 422, 425 (Tex. App.—El Paso 1991, pet. ref'd).

6:
T
EX
. P
ENAL
 C
ODE
 A
NN
. § 2.04(d).

7:
Meraz v. State
, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990).

8:
Id.
 at 154.

9:
Tex. Penal Code Ann.
 § 8.06(b); 
see Rangel
, 585 S.W.2d at 699; 
Beal
, 35 S.W.3d at 687;
 Martinez
, 802 S.W.2d at 336
.

10:
Grant v. State
, 970 S.W.2d 22, 23 (Tex. Crim. App. 1998).

11:
See
 
Tex. R. App. P.
 33.1(a).

12:
T
ex
. H
ealth
 & S
afety
 C
ode
 A
nn
. § 481.183(a) (Vernon 1992).

13:
See id.
; 
id.
 § 481.112(a) (Vernon Supp. 2003) (listing elements of offense); 
Iniguez v. State
, 835 S.W.2d 167, 170-71 (Tex. App.—Houston [1
st
 Dist.] 1992, pet. ref’d).

14:
See Iniguez
, 835 S.W.2d at 170-71.