# NO. 12-12-00342-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEVIN MICHAEL SANDERS,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*

A jury found Appellant Kevin Michael Sanders guilty of the offense of delivery of a controlled substance, a state jail felony, and assessed his punishment at confinement for two years. In his sole issue, Appellant contends that he was entrapped, as a matter of law, by a confidential informant. We affirm.

## BACKGROUND

Constable Jason Bridges met with Paula Hicks, Appellant's first cousin and close friend, while she was on community supervision for forgery. She agreed to be a confidential informant hoping that it might reduce her husband's anticipated prison sentence. Hicks told the constable that her cousin, Appellant, would be "an easy target," because she knew he had "connections." She had used drugs with Appellant in the past and had obtained drugs from him. Constable Bridges gave Hicks fifty dollars to give Appellant for drugs.

Hicks telephoned Appellant and told him she wanted to "get high" and that she was looking for "Go-Go" (methamphetamine). Appellant told Hicks that he knew where he could buy methamphetamine. Hicks met Appellant at his apartment. Appellant drove Hicks in her pickup to a

church in Douglas, Texas, where Ricky Johnson came out to the pickup to meet them. Hicks gave Appellant the money for the drugs, and Appellant gave it to Johnson. Johnson gave Appellant a pill bottle containing methamphetamine. Appellant opened the bottle, apparently to verify its contents; then he gave the pill bottle with the drugs to Hicks.

When they returned to Appellant's apartment, Hicks told Appellant that she needed to meet someone, but that she would return in thirty minutes and they would all "get high" together. Instead, she delivered the drugs to Constable Bridges and never returned.

Appellant was arrested soon thereafter. Appellant did not use any of the drugs purchased nor did he receive any of the proceeds of the sale.

## ENTRAPMENT

In his sole issue, Appellant contends that he was entrapped into committing the offense of delivery of a controlled substance and should have his case dismissed as a matter of law.

## Applicable Law

In reviewing a jury's rejection of an entrapment defense, the reviewing court determines, whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt and could have found against the defendant on the issue of entrapment beyond a reasonable doubt. *Hernandez v. State*, 161 S.W.3d 491, 500 (Tex. Crim. App. 2005).

It is a defense to prosecution that the actor engaged in the conduct charged, because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. TEX. PENAL CODE ANN. § 8.06(a) (Vernon 2011). Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Id*. The defendant has the burden of producing evidence to establish every element of the defense of entrapment. *Hernandez*, 161 S.W.3d at 498. To do so, he must present a prima facie case that (1) he engaged in the conduct charged, (2) because he was induced to do so by a law enforcement agent, (3) who used persuasion or other means, and (4) those means were likely to cause persons to commit the offense. *Id*. at 497. Once the defendant makes a prima facie showing of each element, the burden shifts to the state to disprove entrapment beyond a reasonable doubt. *Id*. at 498. The defendant "must show both that he was, in fact, induced, and that the conduct that induced him was

2

such as to induce an ordinarily lawabiding person of average resistance." ***England v. State***, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994). Entrapment occurs when the activity of the police agent induces a person, with no predisposition to illegal conduct, to commit a crime. ***Id***. at 919; ***Rangel v. State***, 585 S.W.2d 695, 699 (Tex. Crim. App. 1979); ***Martinez v. State***, 802 S.W.2d 334, 336 (Houston [1st Dist.] 1990, pet. ref'd). For instance, a promise by the agent to get the defendant high on "dope" if he would deliver drugs was held so unlikely to induce a person not already disposed to commit the crime charged as to not even raise the issue of entrapment. ***Bush v. State***, 611 S.W.2d 428, 430 (Tex. Crim. App. [Panel Op.] 1980). Evidence that the defendant previously had committed the same offense is admissible to show that the offense charged was not induced by police conduct. ***England***, 887 S.W.2d at 913.

**Discussion**

Hicks testified that Appellant had used drugs for years and when she told him she wanted some methamphetamine, he was ready to go. Once Hicks told Appellant she wanted to get high, it was Appellant who knew the source for the drugs and orchestrated their delivery. His past history of delivery of drugs to Hicks and getting high with her also demonstrates that the offense was not induced by Hicks's conduct.

Viewing the evidence in the light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt and could have found against Appellant on the issue of entrapment beyond a reasonable doubt. Appellant's sole issue is overruled.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm t***he judgment of the trial court.

  **BILL BASS**  
Justice

Opinion delivered June 25, 2013.
*Panel consisted of Griffith, J., Hoyle, J. and Bass, J., Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

3

# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NO. 12-12-00342-CR

### KEVIN MICHAEL SANDERS,
Appellant

v.

### THE STATE OF TEXAS,
Appellee

Appeal from the 420th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. F118903)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and he same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUGED and DECREED that the judgment of the court below be in all things **AFFIRMED** and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Griffith, J., Hoyle, J. and Bass, J., Retired J,*
*Twelfth Court of Appeals sitting by assignment.*