Wallace v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-380-CR





RONALD GLENN SANDERSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT



NO. 4868, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 





 After finding appellant guilty of the offense of delivery of a controlled substance,
methamphetamine, in an amount less than twenty-eight grams, Texas Controlled Substances Act,
Tex. Health & Safety Code Ann. § 481.112 (West 1992), the jury assessed punishment at
confinement for fifteen years. Appellant asserts three points of error, contending that: (1) he was
denied the effective assistance of counsel in the trial court; (2) the trial court erred in admitting,
over his objection, evidence of an unadjudicated offense; and (3) the trial court erred in overruling
his motion for new trial because the jury "received other evidence" in violation of Texas Rule of
Appellate Procedure 30(b)(7). We will reverse the trial court's judgment and remand for a new
hearing on punishment.


 John Seery, an informant for the Central Texas Narcotics Force for more than three
and one-half years, obtained employment at Golding Motors in San Saba in March 1991, to "buy
drugs from all the dealers around here." Seery testified that on July 27, 1991, he asked appellant,
an employee at Golding Motors, "if he could find anything. I was going on a trip." Seery related
that after appellant answered "yes," he went to Lampasas to see Tim Angerman, lead officer of
the Task Force, who provided him with one-hundred dollars to make the purchase. Seery
returned to Golding Motors where he gave appellant the one-hundred dollars in exchange for a
substance later determined to be "zero point .86 grams of a powder which contains
methamphetamine."

 Appellant's complaint concerning denial of effective assistance of trial counsel is
based on counsel's alleged failure to: identify and present to the jury the defense of entrapment;
file necessary pretrial motions; effectively voir dire prospective jurors; conduct meaningful cross-examination of State's witnesses except on the issue of chain-of-custody; object to the prosecutor's
suggestions that appellant had other, extraneous drug charges pending; and effectively argue
appellant's case to the jury at the guilt-innocence phase of the trial.

 The standard by which we judge whether a defendant received reasonable assistance
of counsel was reviewed in Haynes v. State, 790 S.W.2d 824, 826 (Tex. App.--Austin 1990, no
pet.):



In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80
L.Ed.2d 674 (1980), the Supreme Court held that in order to show ineffective
assistance of counsel, a convicted defendant must (1) show that his trial counsel's
performance was deficient, in that counsel made such serious errors he was not
functioning effectively as counsel, and (2) show that the deficient performance
prejudiced the defense to such a degree that appellant was deprived of a fair trial. 
In this connection, a strong presumption exists that counsel rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment. "Prejudice," however, is demonstrated when the convicted
defendant shows a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different. "A reasonable
probability is a probability sufficient to undermine confidence in the outcome." 
No mechanistic formula was provided by Strickland. "The benchmark for judging
any claim of ineffectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as
having produced a just result."


(citations omitted).

 The difficulty of evaluating an attorney's performance from the perspective of
counsel at the time decisions are made is emphasized in Miniel v. State, 831 S.W.2d 310, 323
(Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 245 (1992):



A fair assessment of attorney performance requires that every effort be made to
eliminate the distorting effects of hindsight, to reconstruct the circumstances of
counsel's challenged conduct, and to evaluate the conduct from counsel's
perspective at the time. Because of the difficulties inherent in making such
evaluation we must indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance i.e., the defendant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.


(emphasis added).

 Appellant urges that counsel's most egregious error is the failure to identify, or
present to the jury, the defense of entrapment until the punishment stage of the trial despite the
fact that appellant had no prior convictions.

 Appellant testified at the punishment stage of the trial that he met Seery when he
became an employee at Golding Motors in March 1991. The two became friends before appellant
made his first delivery of methamphetamine to Seery on June 15, 1991. (1) Appellant related that
Seery had previously asked him to accommodate him, "it was always brought up each time" in
conversation that "[Seery] was trying to obtain" methamphetamine. Appellant stated that the
reason he secured methamphetamine for Seery on June 15 was, "For, you know, John being single
and everything, he was using it for partying purposes, you know, to have a good time with." 
Appellant testified that before the date of the delivery that forms the basis of the instant cause
Seery would bring up "continually, every day, the matter of more powder." Seery was about to
go to Dallas to attend a service tech school, and being a single man, he wanted methamphetamine
for "party purposes." Appellant stated that the one-hundred dollars given to him on each delivery
was given to the dealer and appellant received no remuneration for his part of the transaction. 
Appellant said that his sole motive in securing the contraband for Seery was to accommodate a
friend.

 Texas Penal Code Ann. § 8.06 (West 1974) provides:



 (a)  It is a defense to prosecution that the actor engaged in the conduct
charged because he was induced to do so by a law enforcement agent using
persuasion or other means likely to cause persons to commit the offense. Conduct
merely affording a person an opportunity to commit an offense does not constitute
entrapment.


 (b)  In this section "law enforcement agent" includes personnel of the state
and local law enforcement agencies as well as of the United States and any person
acting in accordance with instructions from such agents.


Appellant contends that entrapment became an even more significant defense because appellant
had never been convicted of a felony offense and numerous character witnesses at the punishment
stage of the trial testified that appellant enjoyed a good reputation in the community. Appellant's
testimony reflects that he obtained methamphetamine because he developed a friendship with
Seery; Seery continually mentioned that he wanted methamphetamine; Seery was a single man
who liked to party and appellant wanted to accommodate him. Appellant further stated that he
imagined he would "have accommodated a sale for any of [his] buddies" at the shop.

 The issue in entrapment cases is whether the defendant was induced to engage in
the offense through persuasion or other means likely to cause a person to commit the crime, or
was merely afforded an opportunity to commit the offense. Rodriguez v. State, 662 S.W.2d 352,
355 (Tex. Crim. App. 1984). In Saldana v. State, 732 S.W.2d 701 (Tex. App.--Corpus Christi
1987, no pet.), the defendant testified that he did not wish to sell cocaine, but agreed to do so in
order to get the informant to stop pestering him to sell. In holding that the evidence was
insufficient to establish entrapment, the court concluded that while a series of visits by the
informant requesting the defendant to sell cocaine might have been annoying, "it does not by itself
rise to the level of an inducement, absent other circumstances such as the close relationship of the
parties, financial or familial need, or other factors." Id. at 703. In Sebesta v. State, 783 S.W.2d
811 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd), the informant testified that he called the
defendant every day for two weeks and imposed on his friendship in order to induce defendant
to deliver the narcotic. Defendant agreed to the delivery "to get him out of his hair" and said that
he "would not have done it had it not been for his good friendship with [informant]." The Sebesta
court concluded that "annoying phone calls are not a sufficient inducement to cause a person to
commit an offense if the person is not so disposed," and that a rational trier of fact could conclude
that the informant and defendant "were not so close that an appeal to their friendship would likely
cause an otherwise unwilling person to deliver drugs." Id. at 814.

 We find Vasquez v. State, 830 S.W.2d 948 (Tex. Crim. App. 1992), cited by
appellant, distinguishable from the instant cause. In Vasquez, defense counsel was found
ineffective for failing to request a jury instruction on the defense of necessity to the alleged
offense of possession of a firearm by a felon. The defendant's testimony had shown that he was
a target of prison gangs as a result of his prior role as a "building tender" while he was in prison,
and that just before his arrest on the firearms charge, he had been kidnapped by members of such
a gang and had escaped when he was able to grab a gun from one of his kidnappers.

 In the instant cause, appellant had known the informant for less than four months. 
The evidence fails to show any closer friendship with Seery than appellant had with other
employees, as evidenced by appellant's testimony that he would have accommodated any of his
buddies at the shop. While Seery's continued mention of wanting the contraband may have been
a source of annoyance, appellant's motive appears to have been to assist a single man in his efforts
to have a good time. Trial counsel may have concluded that it was better trial strategy to have
appellant testify as to the events at the punishment stage of the trial in mitigation of punishment
rather than to advance it at the guilt-innocence phase where it had little chance of success.

 Appellant faults counsel for failing to file pre-trial motions. Specifically, appellant
complains of counsel's failure to file a motion to dismiss on the defensive theory of entrapment
since entrapment is a question of law, as well as fact. In light of existing authority, counsel may
have concluded that such an effort would have been of no avail. Appellant does not point to any
information relative to any defense that was concealed by the State.

 Appellant next complains of counsel's failure to effectively voir dire the panel
generally, and his failure to conduct any individual voir dire. The trial court's questions and
instructions on the law governing the case consumed sixteen pages of the record during which the
court sustained defense counsel's challenge for cause to one member of the panel. During the
State's extensive voir dire, consuming one hundred-seven pages of the record, defense counsel
attempted to rehabilitate members of the panel who had given answers favorable to the State. 
Counsel's motion moved for a mistrial, while denied, resulted in the court excusing the panel
member for cause. In addition, counsel's challenge for cause was sustained when a member of
the panel could not consider probation in a drug case. Questions to the panel by defense counsel
consisted of whether they would treat a drug case differently from any other case and whether any
member of the panel knew of anything that might affect his or her ability to be fair and impartial.

 We take judicial notice of the fact that San Saba County is a sparsely populated
rural county. The record lists trial counsel's address as San Saba. We believe it is reasonable to
infer that counsel knew many, if not all, of the members of the panel. Appellant does not point
to any juror selected who may have had any prejudice toward him or the charged offense. In light
of the court's and the State's extensive questions and instructions on the law of the case, coupled
with the size of the county, we conclude that appellant has not demonstrated a reasonable
probability that the outcome of the proceedings would have been different, but for counsel's
failure to conduct a more extensive voir dire examination.

 Appellant asserts that trial counsel was ineffective in failing to meaningfully cross-examine the State's witnesses. The thrust of appellant's argument appears to be that counsel's
failure to identify entrapment as a defense left little basis for cross-examination. Our disposition
of appellant's complaint regarding counsel's failure to raise the defense of entrapment is
dispositive of this contention.

 Appellant complains of counsel's failure to object to the prosector asking Angerman
if he had checked Seery's record before using him as an informant. Angerman answered that
Seery had no criminal record. Appellant urges that counsel should have objected on the basis of
hearsay and bolstering. While these may have been good objections, we are not persuaded that
testimony that a witness employed in a law enforcement position has no criminal record would
have altered the outcome of the trial.

 Appellant asserts that counsel should have objected when the prosecutor asked the
chemist if there was a possibility that another case was pending that caused the variance of the
dates of the exhibit and the report, and the chemist answered, "There's a possibility." Appellant
further complains of trial counsel's failure to effectively argue his case at the guilt-innocence stage
of the trial and counsel's failure to object to Seery's testimony that he had seen appellant use
methamphetamine.

 The right to counsel affords a defendant a right to an attorney likely to render and
rendering reasonably effective assistance rather than errorless counsel whose competency is judged
by hindsight. Miniel, 831 S.W.2d at 323. In light of the manner in which counsel conducted
appellant's defense, it appears that counsel may have felt that the chance of acquittal was highly
unlikely and the better strategy was to seek a probated sentence. Appellant admitted guilt at the
punishment phase of the trial, testified that he received no money for the transactions, that his
only motive was to accommodate a friend, and that he had never before been convicted of a
felony. Appellant's minister and three San Saba businessmen testified that they had known
appellant "since 1978," "fifteen years or better," "since he was a child," and "all of his life," and
that appellant was a truthful person who deserved a second chance.

 The problem of an appellate court second-guessing what may have appeared to
counsel to have been reasonable strategy is reflected in Delrio v. State, 840 S.W.2d 443 (Tex.
Crim. App. 1992). The court rejected trial counsel's claim of ineffective trial counsel based on
counsel's failure to challenge for cause an ex-narcotics officer named Martinez who stated that
he could not be a fair and impartial juror, and who eventually sat on the jury. The court noted
that it was obvious that counsel made a conscious decision not to remove Martinez. Recognizing
that the court was not privy to information that caused counsel to make such a decision, the court
stated it could envision circumstances favorable to appellant, such as the venire person being the
only prospective juror with a Hispanic surname and the possibility that an ex-narcotics officer
might be more perceptive about relative culpability of offenders and be less inclined to impose
sentence on the sterner end of the spectrum. After noting that it may, in counsel's best
professional judgment, have been an acceptable gamble, the court stated, "consistent with
Strickland, we must presume that counsel is better positioned than the appellate court to judge the
pragmatism of the particular case, and that he 'made all significant decisions in the exercise of
reasonable professional judgment'." Id. at 447.

 Our review of the totality of appellant's representation in the trial court convinces
us that the assistance of defense counsel was within the wide range of reasonable professional
assistance. Appellant's first point of error is overruled.

 In his second point of error, appellant asserts that the court erred in admitting, over
counsel's objection, evidence that appellant had committed a similar, unadjudicated extraneous
offense. The State introduced evidence at the punishment stage of the trial that appellant had
delivered methamphetamine to Seery on June 15, 1991. The Court of Criminal Appeals in
Grunsfeld v. State, 843 S.W.2d 521 (Tex. Crim. App. 1992), held that evidence of extraneous
unadjudicated offenses was improperly admitted during the punishment phase of a non-capital
case.

 The Grunsfeld court stated that the next step is to determine whether the error
requires a remand to the trial court for a new hearing on punishment. Texas Rule of Appellate
Procedure 81(b)(2) provides that an appellate court shall reverse the judgment under review
"unless the appellate court determines beyond a reasonable doubt that the error made no
contribution to the conviction or the punishment." The appellant, with no prior felony
convictions, was assessed punishment at confinement for fifteen years for delivery of 0.86 grams
of powder containing methamphetamine. We conclude that the trial court's error in allowing the
jury to hear testimony about the unadjudicated extraneous offense prejudiced the jury's decision-making process and affected a substantial right of appellant. Therefore, this Court cannot
determine beyond a reasonable doubt that the error made no contribution to the punishment
assessed. We sustain appellant's second point of error.

 In his third point of error, appellant asserts that the court erred in overruling
appellant's motion for new trial because the jury received other evidence about sentences assessed
against defendants in other, similar cases. Since this point of error relates to the punishment
phase of the trial, we find it unnecessary to address this contention in light of our disposition of
appellant's second point of error.

 We reverse the judgment and remand the cause for further proceedings pursuant
to Texas Code of Criminal Procedure Ann. art. 44.29(b) (West Supp. 1993).



 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Kidd and Davis*

Reversed and Remanded

Filed: November 10, 1993 

Do Not Publish





















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).

1.   The State had earlier introduced evidence at the punishment stage of the trial, over
appellant's objection, that on June 15, 1991, appellant, in an unadjudicated offense, had
delivered methamphetamine to Seery for one-hundred dollars.