**Ernest Paul RAMOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0021–CR.**

Court of Appeals of Texas, Amarillo.

April 23, 1982.

White, Self, Davenport & Bass, Ed Self, Plainview, for appellant.

Marvin Marshall, Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

Ernest Ramos, the appellant, was indicted for the offense of delivery of a usable quantity of marihuana of more than one-fourth ounce. The jury convicted the appellant of the charged offense and assessed his punishment at four (4) years confinement in the Texas Department of Corrections. On

appeal, the appellant maintains that the trial court erred: (1) in refusing his requested charge on corroboration of accomplice testimony; (2) in overruling his motion to dismiss grounded on entrapment as a matter of law; (3) by overruling his objection to the court charge grounded on the court's failure to submit the objective test of entrapment; (4) by refusing to permit him to invoke the Rule after testimony had begun; and (5) by refusing to permit him "to testify concerning the circumstances of a prior offense admitted into evidence during the guilt phase of the trial." Concluding that the appellant's grounds of error do not present cause for disturbing the judgment, we affirm.

On the occasion in question, Walter C. Eeds and J. W. Cunningham were employed by the Texas Department of Public Safety as narcotic agents working undercover in the Plainview area. On 5 October 1978, at approximately 4:30 p. m., the agents went to the appellant's residence in Plainview. On arriving at the front door of the residence, they were directed to the backyard where the appellant was working on a pickup. Eeds greeted the appellant and introduced him to Cunningham.

The three proceeded to engage in general conversation. Although Eeds did not ask for marihuana, the appellant, having sold some to Eeds on a prior occasion, volunteered that he didn't have any at that time. Eeds asked the appellant if he knew where he could get a pound, and the appellant answered that "he thought he could." Eeds asked the price, and the appellant told him $120.00. The appellant told Eeds that it would be after 5:00 p. m. before he could contact his source. The appellant added that the supply of marihuana in Plainview was almost depleted, but approximately 500 pounds was to arrive the following weekend and that after the weekend he could get whatever quantity Eeds wanted.

The agents left and returned to the appellant's residence at about 6:40 p. m. The appellant told Eeds that it would be 9:30 p. m. before he could get the marihuana. Eeds told the appellant he had business in

Amarillo and that he would call him the next day. The appellant gave his telephone number to Eeds, and the agents left. By telephone the morning of 6 October 1978, the appellant told Eeds that he had the pound of marihuana. Eeds and Cunningham went to the appellant's residence and obtained the marihuana from him for $120.00. As the agents were leaving, the appellant told Eeds to call at 12:00 noon about the 500 pounds.

In his first ground of error, the appellant maintains that the trial court erred by refusing his requested charge on corroboration of an accomplice's testimony. The appellant argues that the court should have made the requested charge in relation to Agent Eeds' testimony, because the appellant "testified that the first time he met Walter Eeds, that Eeds and two other men with him smoked a marihuana cigarette in the [appellant's] presence," and that the evidence further shows that Eeds brought about the crime and did more than merely obtain evidence against the appellant.

■■ It is well settled that "an accomplice witness is someone who has participated with another before, during or after the commission of a crime." *Carrillo v. State*, 591 S.W.2d 876, 882 (Tex.Cr.App. 1979). However, "[o]ne is not an accomplice witness who cannot be prosecuted for the offense with which the accused is charged." *Id.* at 882. Furthermore, an undercover agent is not an accomplice so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the crime. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex.Cr.App.1978); *Howery v. State*, 528 S.W.2d 230 (Tex.Cr. App.1975). In the present case, Agent Eeds could not be prosecuted for the offense with which the appellant was charged. Nor did he bring about the crime charged; he merely obtained the evidence to be used against the appellant. The appellant's first ground of error is overruled.

■ In his second ground of error, the appellant claims that the trial court erred by overruling his motion to dismiss the case because the evidence showed, as a matter of

law, that the appellant was entrapped by law enforcement officers. The court held a pretrial hearing on the appellant's motion. At the pretrial hearing, Agent Eeds was the only witness. The appellant's contention under this ground of error is based on Eeds' testimony which, the appellant contends, shows that the appellant told Eeds that he did not have any more marihuana, that Eeds nevertheless asked him if he could get him a pound, and that he told Eeds that he thought he could. The appellant argues that this testimony establishes that Eeds induced him to get the pound of marihuana and that, as a matter of law, this inducement by the State falls below the proper use of governmental power.

In support of his position, the appellant relies on Section 8.06, Tex.Penal Code Ann. (Vernon 1978), and *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979), *cert. denied*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980). In pertinent part, Section 8.06 provides:

> (a) It is a defense to prosecution that the actor engaged in the conduct charged because *he was induced* to do so by a law enforcement agent *using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.* [Emphasis added.]

We are persuaded that the evidence relied on by the appellant failed to conclusively establish that, by using persuasion or other means likely to cause the appellant to commit the offense, Agent Eeds induced the appellant to commit the offense charged. After being told that the appellant was out of marihuana, the Agent cannot be said to have induced the appellant to commit the charged offense by merely asking the appellant if he could get a pound of marihuana. Agent Eeds merely provided the appellant the opportunity to commit the charged offense.

■ By enacting Section 8.06 of the Texas Penal Code, the legislature did not intend to provide a ready-made escape hatch for those individuals who engage in criminal enterprise. The legislature rather established an objective standard to control police conduct which manufactures crime. Under the objective standard, prohibited police conduct usually includes, but is not limited to, matters such as extreme pleas of desperate illness in drug cases, appeals based primarily on sympathy, pity or close personal friendship, offers of inordinate sums of money, and other methods of persuasion which are likely to cause the otherwise unwilling person—rather than the ready, willing and anxious person—to commit an offense. *See*: 21 Am.Jur.2d, Criminal Law § 206 (1981). The second ground of error is overruled.

■ In his third ground of error, the appellant maintains that the trial court erred in overruling his objection to the charge on entrapment because the charge fails to submit the objective test of entrapment. The court charged, in part, as follows:

> Therefore, even if you believe from the evidence beyond a reasonable doubt that the defendant committed the offense as alleged but you further believe, or you have a reasonable doubt thereof, that he was induced to do so by Walter C. Eeds, who was a law enforcement agent, an agent of the Texas Department of Public Safety, *who used persuasion or other means likely to cause persons to commit the offense*, to wit: intentionally and knowingly delivering to Walter C. Eeds a usable quantity of marihuana of more than one-fourth ounce, and that the conduct of the said Walter C. Eeds did not merely afford the defendant an opportunity to commit the offense, if any, you will find the defendant not guilty. [Emphasis added.]

This charge follows the statutory language of Article 8.06 of the Penal Code. The appellant made the following objection to the above paragraph:

> ... we would object because the reference there should be to the objective activity taken by the law enforcement agent in this case, Walter C. Eeds, rather

than a reference to the crime charged against the accused. And without reference to the objective activity taken by the law enforcement officer, the Jury has no way to determine whether the activity he engaged in does amount to entrapment; that following the colon there should be added what the objective activity of the agent has been admitted to be, that is, whether he asked the Defendant to get him the usable quantity of marihuana, rather than a reference to the offense charged.

The appellant requested, and the court refused, the following charge:

2. Therefore, even if you believe from the evidence beyond a reasonable doubt that the Defendant committed the offense as alleged, but you further believe, or you have a reasonable doubt thereof, *that he was induced to do so by Walter Eeds, who was a law enforcement agent, who used persuasion* [sic] *or othe* [sic] *means likely to cause persons to commit the offense, that is that he asked the Defendant to try to find him some marihuana* and that the conduct of Walter Eeds did not merely afford the Defendant as [sic] opportunity to commit the offense; if any, you will find the Defendant not guilty. [Emphasis added.]

By his requested charge, the appellant, in essence, asked the court to instruct the jury to return a verdict of "not guilty." We conclude that the court did not err by overruling the appellant's objection to the charge or by refusing to give the requested charge. The charge given by the court substantially complies with article 8.06 and focuses on the activity of the law enforcement agent rather than the disposition of the appellant to commit the charged offense. We overrule the appellant's third ground of error.

█ In his fourth ground of error, the appellant claims the court erred by refusing to allow him to invoke the Rule, Tex.Code Crim.Pro.Ann. art. 36.03 (Vernon 1981), after testimony had begun in the case. The record shows that the appellant testified in his own behalf. When the State was cross-examining the appellant, he requested the court to invoke the Rule. The request was denied. After the appellant had given additional testimony, he again requested the court to invoke the Rule. The court replied: "All right, sir. And the record will show there have been no witnesses in the courtroom." The record fails to show whether the trial court instructed the witnesses "not to converse with each other or with any other person about the case, except by permission of the court."

Under this ground of error the appellant's primary complaint is that the court allowed the State to offer rebuttal testimony from Officer Eeds "without instructing the witnesses in accordance with the Rule or placing them in charge of an officer."

Article 36.05, Tex.Code Crim.Pro.Ann. (Vernon 1981), provides:

Witnesses under rule shall be attended by an officer, and all their reasonable wants provided for, unless the court, in its discretion, directs that they be allowed to go at large; *but in no case where the witnesses are under rule shall they be allowed to hear any testimony in the case.*

In pertinent part, article 36.06 further provides:

Witnesses, when placed under rule, shall be instructed by the court that *they are not to converse with each other or with any other person about the case, except by permission of the court* . . .

In the present case, the record affirmatively shows that none of the State's witnesses were present in the courtroom or heard the testimony of any other witnesses in the case, including the appellant. Even if we assume that the trial court did not sequester the witnesses and did allow them to go at large, nevertheless, under the circumstances of this case, the court did not abuse its discretion by allowing the State to introduce rebuttal testimony from Officer Eeds. *See Hartman v. State*, 507 S.W.2d 553, 555 (Tex.Cr.App.1974). Furthermore, in the absence of a showing that Officer Eeds violated Article 36.06 of the Code of Criminal Procedure by conversing with oth-

er witnesses or with any other person except by permission of the court, no reversible error is presented. *See Mason v. State*, 375 S.W.2d 916, 917, 918 (Tex.Cr.App.1964). The appellant's fourth ground of error is overruled.

■ In his last ground of error, the appellant contends the trial court committed reversible error by refusing to permit him to testify concerning the circumstances of a prior offense admitted in evidence at the guilt phase of the trial. Under the circumstances of this case, we disagree.

The record shows that the appellant testified in his own behalf. On cross-examination by the State, the appellant admitted that he was on felony probation for burglary of an automobile. On re-direct examination, the appellant's attorney asked him "to tell the Jury what happened on the auto burglary charge." The State objected to the question, and the trial court sustained the objection.

After the appellant had offered other defense witnesses, and the State had offered one rebuttal witness, the following sequence of events appears in the record:

THE COURT: Mr. Court Reporter, this is before the Jury is brought back in for the testimony.

Mr. Self, the record will show that yesterday I sustained the objection when you were attempting to go into the surrounding circumstances of a prior conviction of your client. I have researched the law. I found the authority of Chappel, C-h-a-p-p-e-l, v. State, 136 Tex.Cr.R. 528, 126 S.W.2nd 984, that there is a difference between the rule in civil cases and in criminal cases as far as prior convictions are concerned and that you can go into the circumstances. Now, of course, if you do this, the State is also allowed to go into those matters, but I mention that to you so that, if you want to do that, why, I would permit you to do so.

Okay, gentlemen, are you ready to have the Jury returned to the courtroom?

MR. MARSHALL: Yes, Your Honor.

THE COURT: Mr. Bailiff, if you will, return the ladies and gentlemen of the Jury to the courtroom.

Thereupon, the Jury was returned to the courtroom, and the following proceedings took place before the Court and Jury, to-wit:

THE COURT: Mr. Marshall.

MR. MARSHALL: The State rests, Your Honor.

THE COURT: Mr. Self? [the appellant's attorney]

MR. SELF: We close, Your Honor.

MR. MARSHALL: We close.

The record affirmatively shows that the appellant was given the opportunity to go into the circumstances concerning the prior conviction for burglary of an automobile, but that, by closing, the appellant elected not to go into the matter. Under these circumstances, we find no reversible error. The appellant's fifth ground of error is overruled.

In summary, the appellant's five grounds of error are overruled and the judgment is affirmed.