Frank **RODRIQUEZ**, Appellant,

v.

The **STATE** of Texas, State.

No. **2–90–280–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1991.

Dick Turner, Cleburne, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for State.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant appeals his conviction by the court for the offense of delivery of a controlled substance. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Pamph. 1991). Appellant was sentenced to forty-eight years in the Institutional Division of the Texas Department of Criminal Justice.

We affirm.

In appellant's sole point of error he claims that the trial court erred in failing to grant his motion for directed verdict based upon his defense of entrapment.

The appellant's specific complaints under this point of error are as follows:

(1) That the Hood County authorities through their informants induced appellant to commit the offense charged and, in so doing, their conduct fell below the accepted standards allowed under the law.

(2) That the informants used by the State were not credible and were improperly and insufficiently instructed to carry out their duties in accordance with the law.

The record reflects that Morris Troxell, who was under indictment in Hood County, Texas, for delivery of a controlled substance, approached Ronnie Blasingame, who worked at the Hood County District Attorney's Office, about "setting up" Troxell's drug supplier for a dismissal of his indictment. This agreement was arranged whereby Troxell would make a purchase from the appellant, who would then be arrested by the authorities. Troxell then recruited his cousin Jamie Macrander to assist him in the buy and was given $200 by the authorities in marked money to make the purchase of the drugs. The appellant had to purchase the drugs in Fort Worth so Macrander drove him in his automobile along with the marked money he had received from Troxell. When they returned to Hood County, appellant was arrested by the authorities as he gave the drugs to Troxell at a predesignated point outside Granbury, Texas. Only Blasingame and Troxell were called as witnesses by the State to testify to the "set up" of the appellant.

Entrapment is set out in section 8.06 of the Texas Penal Code:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law

enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

TEX.PENAL CODE ANN. § 8.06 (Vernon 1974).

■ When evidence supporting the defense of entrapment is admitted, the State must disprove the defense beyond a reasonable doubt. *See Gifford v. State*, 740 S.W.2d 76, 78 (Tex.App.—Fort Worth 1987, pet. ref'd). Section 8.06 of the Texas Penal Code adopted the "objective entrapment test." *Rodriquez v. State*, 662 S.W.2d 352, 355 (Tex.Crim.App.1984). The objective entrapment test mandates that the trier of fact, having once determined that there was an inducement, need now consider only the nature of the State agent activity involved, without reference to the predisposition of the particular defendant. *Id.* Here the facts are clear that the State induced the appellant to sell the drugs in question to Troxell by their "set up" scheme.

■ Next, to determine if appellant was entrapped we must decide if Troxell (informant) and Macrander (cousin of Troxell) were law enforcement agents as defined by section 8.06(b) of the Texas Penal Code. The Texas Court of Criminal Appeals has held that section 8.06(b) requires some type of communication between the law enforcement official and his agent or informant, then some form of action by the informant on this communication. *Soto v. State*, 681 S.W.2d 602, 604 (Tex.Crim.App.1984); *Rangel v. State*, 585 S.W.2d 695, 699 (Tex.Crim. App. [Panel Op.] 1979).

Our court has held that general as opposed to specific control by law enforcement agents over their informants is acceptable. *See Gifford*, 740 S.W.2d at 76. The fact that Troxell and Macrander had never before acted on behalf of the government as informants and because Macran-

der's instructions were derived more from Troxell's requests and orders to his cousin rather than Blasingame, does not eliminate them as agents in accordance with the language of the statute. Blasingame testified that he was aware of Troxell's and Macrander's actions at all points in their setup although sometimes after the fact. The State's decision not to call Macrander as a witness does not remove him as an agent. We find that Troxell and Macrander were persons acting in accordance with instructions from law enforcement authorities and thus were agents under the statute.

■ We turn next to the question of whether the actions of Troxell and Macrander, in providing the appellant transportation to Fort Worth to acquire the drugs which were later confiscated in Hood County, were an improper procedure which would constitute entrapment. If the appellant was not already of a disposition to sell drugs to Troxell and was only persuaded to do this sale because of the informant's transportation offer then we could consider that the appellant was entrapped.

Here the record reflects from the testimony of Troxell that Rodriquez was planning to go to Fort Worth to purchase the drugs and Troxell suggested Macrander take Rodriquez rather than either Troxell or Rodriquez driving.

In *Ramos v. State*, 632 S.W.2d 688 (Tex. App.—Amarillo 1982, no pet.) the court said:

> Under the objective standard, prohibited police conduct usually includes, but is not limited to, matters such as extreme pleas of desperate illness in drug cases, appeals based primarily on sympathy, pity or close personal friendship, offers of inordinate sums of money, and other methods of persuasion which are likely to cause the otherwise unwilling person— rather than the ready, willing and anxious person—to commit an offense.

*Id.* at 691.

The court found in *Ramos* that delivery of marihuana was not the result of entrapment as a matter of law where after defendant said he did not have any more mari-

huana, the undercover agent nevertheless asked him if he could get him a pound. *Id.*

We do not find from the testimony in this case that the informants did anything extraordinary for the appellant in order for him to complete the transfer of the drugs to Troxell, and that if anything the appellant was always ready and willing to go or to do whatever it took for the deal to be completed including accepting transportation to Fort Worth. We therefore find that the action of the State's informants was not unacceptable behavior and that they used no improper procedures to make a case against the appellant. *See Gobin v. State*, 690 S.W.2d 702 (Tex.App.—Fort Worth 1985, pet. ref'd) (opinion on reh'g). We overrule appellant's point of error.

Judgment affirmed.