NO. 07-03-0410-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 14, 2003


______________________________




WILLIAM WAYNE PHILLIPS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 44,517-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Appellant, William Wayne Phillips, appeals a conviction for Aggravated Assault with
a Deadly Weapon. We dismiss for want of jurisdiction.

BACKGROUND

 On June 12, 2003, sentence was imposed on appellant in a case pending against
him in the 108th District Court of Potter County (the trial court). He was adjudicated guilty
for the offense of aggravated assault with a deadly weapon, and sentenced to 10 years
incarceration in the Texas Department of Criminal Justice, Institutional Division. 
Appellant's trial counsel timely filed a motion for new trial. The trial court did not rule on
the motion. Appellant filed his notice of appeal on September 12, 2003. 

 In a letter dated October 17, 2003, the clerk of this court notified appellant and the
State that proceedings in this case were abated pending consideration of the court's
jurisdiction over the appeal. We invited the parties to submit briefs on the issue of our
jurisdiction. Neither party filed a response. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a), 26.2. (1) A timely filed notice of appeal is essential to invoke our appellate
jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). 

 A court must rule on a motion for new trial within 75 days after imposing or
suspending sentence in open court. TRAP 21.8(a). If the motion is not timely ruled on by
written order, it is deemed denied when the period prescribed in 21.8(a) expires. TRAP
21.8(c). The time for filing a notice of appeal may be extended for 15 days under certain
circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both
a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b)
must be filed within the 15 day period. TRAP 26.3; Olivo, 918 S.W.2d at 523-25. An
untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See
State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely
perfected, a court of appeals does not have jurisdiction to address the merits of the appeal,
and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208,
210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

 Sentence was imposed on June 12, 2003. A notice of appeal of the judgment of
the trial court was required to be filed no later than September 10, 2003, to invoke this
court's appellate jurisdiction. TRAP 26.2(a)(2). ANALYSIS AND CONCLUSION

 Appellant's notice of appeal was not timely filed. A motion to extend time to file the
notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the
appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2, 43.2. 




 Phil Johnson

 Chief Justice



Do not publish.

1. Further references to the Rules of Appellate Procedure will be abbreviated "TRAP."


on of the challenged portion of Marez's
testimony affected appellant's substantial rights.


Charge on the Defense of Entrapment

 Appellant contends that the record contains at least some evidence raising each
element of the defense of entrapment and, therefore, the trial court erred in overruling his
objection to the jury charge and in failing to include an instruction or application paragraph
on the defense in the jury charge. 

 In reviewing a claim of charge error, appellate courts must first determine whether
error exists and, if so, analyze the harm caused by that error. Ngo v. State, 175 S.W.3d
738, 743 (Tex.Crim.App. 2005). In reviewing alleged error in the charge, we examine the
harm caused in light of the entire charge, the state of the evidence, the arguments of
counsel, and any other relevant information in the record. See Almanza v. State, 686
S.W.2d 157, 171 (Tex.Crim.App. 1984).

 The Texas Penal Code designates entrapment as a defense. Tex. Pen. Code Ann.
§ 8.06(a) (Vernon 2003). Entrapment occurs when the defendant engaged in the charged
conduct because he was induced to do so by a law enforcement agent using persuasion
or other means likely to cause persons to commit the offense. Id. If the defendant
produces evidence, from whatever source and of whatever strength, raising every element
of a defense, then he is entitled to an instruction on the defense, and the State must
disprove the defense beyond a reasonable doubt. See Tex. Pen. Code Ann. § 2.03(c);
Thomas v. State, 678 S.W.2d 82, 84 (Tex.Crim.App. 1984). However, the entrapment
defense is not raised when the evidence indicates that the criminal design originated in the
appellant's mind and that the officers merely furnished the opportunity for commission of
the crime. Reese v. State, 877 S.W.2d 328, 333 (Tex.Crim.App. 1994).

 In the present case, our review of the record reveals no evidence that appellant was,
in fact, induced to commit the crime or that the police conduct was such that an ordinarily
law-abiding person would have been induced to commit the crime. The objective element
of the entrapment defense usually includes inducements such as extreme pleas of
desperate illness, appeals based primarily on sympathy, pity or close personal friendship,
or offers of inordinate sums of money. See Ramos v. State, 632 S.W.2d 688, 691
(Tex.App.-Amarillo 1982, no writ). The uncontroverted testimony from Marez indicated
that appellant set the price of the drugs and that this price was within the reasonable range
for the fair market value of two ounces of cocaine. On appeal, appellant contends that the
jury could have rejected Marez's testimony and could have concluded that the $1,600 price
constituted an inordinate sum of money that induced appellant and would have induced
an ordinarily law-abiding person to commit the crime of delivery of cocaine. However, a
jury's disbelief of evidence does not constitute evidence to the contrary and is an
insufficient basis to support an instruction or application paragraph in the jury charge. See
generally Cantu v. State, 939 S.W.2d 627, 646 (Tex.Crim.App. 1996) (an instruction on a
lesser-included offense is not warranted solely based on the potential that the jury may
disbelieve the State's evidence of the greater offense). As appellant failed to raise each
element of the entrapment defense, we conclude that the trial court did not err in overruling
appellant's objection to the jury charge or in denying appellant's request to include an
instruction or application paragraph on the defense of entrapment in the jury charge. 

Appellant's Objection under Texas Rule of Evidence 403

 By his second and third issues, appellant contends that the trial court erred in
overruling his objection that the prejudicial effect of a portion of Marez's testimony
substantially outweighed its probative value and that appellant was harmed by the error. 
Specifically, appellant contends that Marez's challenged testimony left the inference that
appellant and Marez had previously transacted drug deals.

 A trial court's decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000);
Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A
reviewing court should not reverse a trial judge's decision whose ruling was within the zone
of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996);
Montgomery, 810 S.W.2d at 391. An appellate court must review the trial court's ruling in
light of what was before the trial court at the time the ruling was made. Weatherred, 15
S.W.3d at 542.

 Appellant contends that Marez's testimony regarding the differences between a
"buy/bust" and "buy/walk" operation leading directly into a discussion of how Marez met
appellant left the strong inference that Marez had previously purchased drugs from
appellant. Marez testified that,

[a] buy/bust is when we set up a deal to purchase an amount of narcotics
from someone, and it is set up to where some purchase is made, and we
verify that we have the actual drugs, that it is, indeed, what we were trying
to purchase, and give a signal, and the arrest team will come in and arrest
the person we just purchased the drugs from.


Marez then testified that, by contrast, a "buy/walk" operation involves making "multiple
purchases from a certain person [trying] to increase the amount of drugs we are buying
from that person." Significantly, Marez specifically testified that appellant had been
targeted as part of a "buy/bust" operation. Thus, while Marez's testimony regarding the
multiple transactions involved in a "buy/walk" operation may have been subject to a
relevancy objection, no reasonable inference of prior drug transactions involving appellant
may be drawn from Marez's explanation of a "buy/bust" operation. As a result, we
conclude that the prejudice appellant claims that this testimony creates is vitiated because
the testimony does not support the inference that appellant and Marez had conducted prior
drug transactions. 

 Further, appellant contends that Marez's testimony that he met appellant through
an introduction made by a confidential informant also implies that appellant had previously
dealt drugs to Marez. After reviewing the testimony of Marez, the most that we can
reasonably infer is that undercover officers frequently rely on confidential informants to
identify suspects for drug investigations and provide the officers introductions to these
suspects. However, any inference that some confidential informant might have previously
identified appellant as a drug dealer falls far short of implying that appellant had previously
sold drugs to Marez. Thus, we conclude that any prejudicial effect of Marez's challenged
testimony would have been de minimis.

 While the probative value of the challenged testimony is little more than providing
the jury a basis for the targeting of appellant in the "buy/bust" operation, we conclude that
this constitutes some probative value. (1) It was appellant's burden, as the opponent of the
evidence, to prove that the prejudicial effect of the evidence substantially outweighed its
probative value. See Brimage v. State, 918 S.W.2d 466, 505-06 (Tex.Crim.App. 1996). 
Appellant has failed to meet this burden. We affirm the ruling of the trial court.

Conclusion

 We affirm the judgment of the trial court.

 

 

 Mackey K. Hancock

 Justice






Do not publish. 
1. Both appellant and the State address the probative value of Marez's challenged
testimony as providing a refutation of appellant's entrapment defense. However, for this
testimony to be probative of whether appellant was subjectively induced to commit the
charged crime, we believe that the testimony would have to allow an inference that
appellant had previously sold drugs to Marez. Having concluded that the testimony does
not create such an inference, we do not find the evidence probative as a refutation of
appellant's entrapment defense.