NO. 07-05-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 21, 2006
_____

OSBALDO ELIZONDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405179; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Osbaldo Elizondo, appeals his conviction for delivery of cocaine in an amount of at least four grams but less than 200 grams and sentence of 80 years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $10,000 fine. We affirm.

## Background

As part of an undercover "buy/bust" operation that was targeting appellant, Tony Marez, an undercover narcotics officer with the Lubbock County Sheriff's Department, contacted appellant and requested two ounces of cocaine. Marez had previously met appellant through a confidential informant. Appellant informed Marez that the drugs would cost $1,600. Marez accepted the terms of this deal and appellant told Marez to meet him at a local convenience store.

When Marez arrived at the convenience store, appellant asked to see the money. After confirming that Marez had the money, appellant made a telephone call and both appellant and Marez then traveled to a nearby park. At the park, appellant instructed Marez to pull up next to a particular vehicle. The passenger in this vehicle explained to Marez that he would wait with Marez while appellant and the driver of the other vehicle would go get the drugs. Marez gave appellant $1,600 and appellant and the driver of the other vehicle left. A few minutes after their departure, appellant and the driver returned. Appellant handed Marez a bag which appeared to contain cocaine. Appellant then informed Marez that he was going to go with the others.

After appellant and the others left, Marez gave the bust signal. When the vehicle was stopped, $650 of the money Marez had given appellant for the drugs was found in the backseat of the vehicle, where appellant was sitting. Appellant and the other passengers of the vehicle were arrested. Appellant was indicted for delivery of a controlled substance (cocaine) in an amount of less than 200 grams but at least four grams.

2

At trial, Marez testified as to the differences between a "buy/walk" and "buy/bust" operation. Marez testified that a "buy/bust" operation typically involves a single purchase of narcotics followed by the arrest of the seller. By contrast, Marez explained that, in a "buy/walk" operation, an undercover officer purchases increasing quantities of drugs from an individual on multiple occasions in order to garner trust with the individual and in hopes of working up to a larger narcotics source. After testifying about the "buy/walk" procedure, Marez testified that the narcotics division had targeted appellant in a "buy/bust" operation. Marez further testified that he had been introduced to appellant by a confidential informant. Appellant objected contending that this testimony was "prejudicial and inflammatory and not probative of any issue before the jury at this time" because "the inference is that there were prior drug dealings between this agent and Mr. Elizondo . . . ." The trial court overruled appellant's objection. At the conclusion of the guilt-innocence portion of the trial, appellant objected that the court's charge did not charge the jury on the defense of entrapment. The trial court overruled appellant's objection.

Appellant presents three issues on appeal. By his first issue, appellant contends that the trial court erred when it overruled his objection and refused to include an instruction or application paragraph on the defense of entrapment in the jury charge. By his second issue, appellant contends that the trial court erred in overruling appellant's objection that Marez's testimony was more prejudicial than probative. By his third issue, appellant contends that the erroneous admission of the challenged portion of Marez's testimony affected appellant's substantial rights.

3

Charge on the Defense of Entrapment

Appellant contends that the record contains at least some evidence raising each element of the defense of entrapment and, therefore, the trial court erred in overruling his objection to the jury charge and in failing to include an instruction or application paragraph on the defense in the jury charge.

In reviewing a claim of charge error, appellate courts must first determine whether error exists and, if so, analyze the harm caused by that error.  Ngo v. State, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005).  In reviewing alleged error in the charge, we examine the harm caused in light of the entire charge, the state of the evidence, the arguments of counsel, and any other relevant information in the record.  See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

The Texas Penal Code designates entrapment as a defense.  TEX. PEN. CODE ANN. § 8.06(a) (Vernon 2003).   Entrapment occurs when the defendant engaged in the charged conduct because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.  Id.  If the defendant produces evidence, from whatever source and of whatever strength, raising every element of a defense, then he is entitled to an instruction on the defense, and the State must disprove the defense beyond a reasonable doubt.  See TEX. PEN. CODE ANN. § 2.03(c); Thomas v. State, 678 S.W.2d 82, 84 (Tex.Crim.App. 1984).   However, the entrapment defense is not raised when the evidence indicates that the criminal design originated in the

appellant's mind and that the officers merely furnished the opportunity for commission of the crime. Reese v. State, 877 S.W.2d 328, 333 (Tex.Crim.App. 1994).

In the present case, our review of the record reveals no evidence that appellant was, in fact, induced to commit the crime or that the police conduct was such that an ordinarily law-abiding person would have been induced to commit the crime. The objective element of the entrapment defense usually includes inducements such as extreme pleas of desperate illness, appeals based primarily on sympathy, pity or close personal friendship, or offers of inordinate sums of money. See Ramos v. State, 632 S.W.2d 688, 691 (Tex.App.–Amarillo 1982, no writ). The uncontroverted testimony from Marez indicated that appellant set the price of the drugs and that this price was within the reasonable range for the fair market value of two ounces of cocaine. On appeal, appellant contends that the jury could have rejected Marez's testimony and could have concluded that the $1,600 price constituted an inordinate sum of money that induced appellant and would have induced an ordinarily law-abiding person to commit the crime of delivery of cocaine. However, a jury's disbelief of evidence does not constitute evidence to the contrary and is an insufficient basis to support an instruction or application paragraph in the jury charge. See generally Cantu v. State, 939 S.W.2d 627, 646 (Tex.Crim.App. 1996) (an instruction on a lesser-included offense is not warranted solely based on the potential that the jury may disbelieve the State's evidence of the greater offense). As appellant failed to raise each element of the entrapment defense, we conclude that the trial court did not err in overruling appellant's objection to the jury charge or in denying appellant's request to include an instruction or application paragraph on the defense of entrapment in the jury charge.

5

Appellant's Objection under Texas Rule of Evidence 403

By his second and third issues, appellant contends that the trial court erred in overruling his objection that the prejudicial effect of a portion of Marez's testimony substantially outweighed its probative value and that appellant was harmed by the error. Specifically, appellant contends that Marez's challenged testimony left the inference that appellant and Marez had previously transacted drug deals.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996); Montgomery, 810 S.W.2d at 391. An appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. Weatherred, 15 S.W.3d at 542.

Appellant contends that Marez's testimony regarding the differences between a "buy/bust" and "buy/walk" operation leading directly into a discussion of how Marez met appellant left the strong inference that Marez had previously purchased drugs from appellant. Marez testified that,

> [a] buy/bust is when we set up a deal to purchase an amount of narcotics from someone, and it is set up to where some purchase is made, and we verify that we have the actual drugs, that it is, indeed, what we were trying to purchase, and give a signal, and the arrest team will come in and arrest the person we just purchased the drugs from.

6

Marez then testified that, by contrast, a "buy/walk" operation involves making "multiple purchases from a certain person [trying] to increase the amount of drugs we are buying from that person." Significantly, Marez specifically testified that appellant had been targeted as part of a "buy/bust" operation. Thus, while Marez's testimony regarding the multiple transactions involved in a "buy/walk" operation may have been subject to a relevancy objection, no reasonable inference of prior drug transactions involving appellant may be drawn from Marez's explanation of a "buy/bust" operation. As a result, we conclude that the prejudice appellant claims that this testimony creates is vitiated because the testimony does not support the inference that appellant and Marez had conducted prior drug transactions.

Further, appellant contends that Marez's testimony that he met appellant through an introduction made by a confidential informant also implies that appellant had previously dealt drugs to Marez. After reviewing the testimony of Marez, the most that we can reasonably infer is that undercover officers frequently rely on confidential informants to identify suspects for drug investigations and provide the officers introductions to these suspects. However, any inference that some confidential informant might have previously identified appellant as a drug dealer falls far short of implying that appellant had previously sold drugs to Marez. Thus, we conclude that any prejudicial effect of Marez's challenged testimony would have been *de minimis*.

While the probative value of the challenged testimony is little more than providing the jury a basis for the targeting of appellant in the "buy/bust" operation, we conclude that

7

this constitutes some probative value.[1]  It was appellant's burden, as the opponent of the evidence, to prove that the prejudicial effect of the evidence substantially outweighed its probative value.  See Brimage v. State, 918 S.W.2d 466, 505-06 (Tex.Crim.App. 1996). Appellant has failed to meet this burden.  We affirm the ruling of the trial court.

## Conclusion

We affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

---

[1]Both appellant and the State address the probative value of Marez's challenged testimony as providing a refutation of appellant's entrapment defense.  However, for this testimony to be probative of whether appellant was subjectively induced to commit the charged crime, we believe that the testimony would have to allow an inference that appellant had previously sold drugs to Marez.  Having concluded that the testimony does not create such an inference, we do not find the evidence probative as a refutation of appellant's entrapment defense.